## CONSTRUCTION OF WILL AS TO CERTAIN VESTED REMAINDERS.

Court of Appeals for Hocking County.

MCCARTHY v. HANSEL ET AL.

Decided, April 8, 1915.

*Title—Deed Made by Child—Subject to be Divested During Continuance of a Life Estate—Conveyed no Interest in the Property so Passing by Will—When the Word "Owners" Means Absolute Ownership or a Fee Simple Interest.*

1. The will of a testator contained a provision devising his estate to his widow for life and the following: "After the death of my wife, I give, devise and bequeath unto my children all of my estate, real or personal, of whatsoever kind and wheresoever situated, share and share alike; if any of my children should die previous to that time, leaving heirs of their body, then and in that case such heirs to take the share or shares, which would have been due to their parent or parents, if living." *Held:* That the estate devised to each child was a vested remainder, subject to be divested by his death during the continuance of the life estate, and a deed made by such child during such time conveyed no interest in the property.

2. The word "owners," when used in a conveyance of real estate in which the grantors covenant "that they are the true and lawful owners of said premises," means absolute ownership or interest in fee simple.

*Wilson & McBride* and *John C. Pettit*, for plaintiff.

*Binns & MacConkey* and *E. M. Baldridge*, for Frances E. and Alma H. McCarthy.

*C. V. Wright* and *H. M. Whitcraft*, for Homer G. Hansel.

SAYRE, J.

Dennis McCarthy died January 22, 1868, leaving Alcinda McCarthy, his widow, and the following children: Charles,

Catherine, Frances E., Alma H., Thomas F., William and Mary A.

The widow died January 11, 1914.

All the children are living except (1) Thomas F., who died October 16, 1900, leaving Merrick F. McCarthy, the plaintiff, Corinne Godfrey and Idena Wilson, his children; (2) William, who died August 27, 1887, leaving Margaret Frash, Alma I. Wuebben and Philip McCarthy, his children; (3) Mary A., who died April 27, 1912, leaving Hugh A. Green and Robert D. Green, her children.

By Dennis McCarthy's last will and testament he devised his farm of about 260 acres to his widow during her natural life. The third item of the will is copied in the syllabus.

Subsequent to the death of Dennis McCarthy his widow and all of his children, by deed and mortgage, undertook to convey all such real estate with covenants reciting that they were "the true and lawful owners of said premises and have full power to convey the same; that the title so conveyed is clear, free and unincumbered; and that they will forever warrant and defend the same against the claims of all persons whomsoever."

The mortgage was foreclosed, and the defendant, Homer G. Hansel, claims now, by virtue of the deed, mortgage and foreclosure proceedings, to be the owner in fee simple of all the premises.

The children of Thomas F. McCarthy and Mary A. Green claim that the attempted conveyance of Thomas F. and Mary A. passed no title and that they are the owners of the undivided two-sevenths of the property under the provisions of the will of their grandfather.

This suit is for partition.

The first question to be determined is: What estate did the children of Dennis McCarthy take in his real property by the provisions of his will?

It is contended that the estate did not vest until the death of the widow because of the language, "After the death of my wife, I give, devise and bequeath * * * ," found in the third item of the will.

But adverbs of time, such as "when," "then," "after," "thereafter," "from and after," etc., all refer to the exact instant when the life estate ends, and in a devise of a remainder are construed to relate merely to the time of the enjoyment of the estate and not to the time of vesting. *Linton* v. *Laycock*, 33 Ohio St., 128; *Doe, Lessee of Poor*, v. *Considine*, 6 Wall., 458, 18 L. Ed., 869; *Johnson* v. *Valentine*, 4 Sandf., 36, 43; *Moore* v. *Lyons*, 25 Wend., 119; *Boraston's Case*, 3 Coke, 16a; *Mining* v. *Batdorff*, 5 Pa., 503; *Rives* v. *Frizzle*, 8 Ired. Eq., 237; *Staples* v. *Mead*, 137 N. Y. Supp., 847; *Connelly* v. *O'Brien*, 166 N. Y., 406; *Hersee* v. *Simpson*, 154 N. Y., 496.

It is further contended that the language "which would have been due to their parent, or parents, if living," at the end of the third item of the will, indicates that the interests of the children did not vest until the termination of the life estate, for if, it is claimed, the interests had already vested they could not be still due.

But it seems a fair interpretation that this language also has reference to the possession and enjoyment of the real estate. The heirs of the body of deceased children are, at the death of the wife, to possess and enjoy that which would have been due their parents to possess and enjoy if they had outlived the widow of the testator. This in no way interferes with the idea of an immediate vesting, subject to the rights of the life tenant.

In the case of *Flanagan* v. *Staples*, 51 N. Y. Supp., 10, the language of the will was:

"Upon the death of my said wife, I give, bequeath, and devise all my estate and property unto my children, in equal shares or portions, share and share alike, absolutely and forever. In the event of the death of any of my children, leaving issue * * * such issue shall take the share or portion * * * which the parent would have taken if living."

The court held the remainder was vested.

The language "which would have been due to their parent, or parents, if living," and the language "which the parent would have taken if living," mean substantially the same thing.

In the case of *Camp* v. *Cronkright*, 13 N. Y. Supp., 307, the language of the will was:

''Upon her [the widow's]' death then I give and devise the same unto my children, share and share alike, absolutely and forever, the child or children of any deceased child of mine to take the share which his, her, or their parent would have taken if living.''

The court held that the remainder was vested.

Similar language and the same holding will be found in the case of *In re McCauley et al*, 144 N. Y. Supp., 313.·

Some rules for distinguishing between contingent and vested remainders which are found in the books and which are assembled in the case of *Doe, Lessor of Poor,* v. *Considine, supra,* may be repeated here and considered in the further examination of the will in controversy:

1. ''The law will not construe a limitation in a will into an executory devise when it can take effect as a remainder, nor a remainder to be contingent when it can be taken to be vested.''

2.· ''It is a rule of law that estates shall be held to vest at the earliest possible period, unless there be a clear manifestation of the intention of the testator to the contrary.''

3. ''A vested remainder is where a present interest passes to a certain and definite person, but to be enjoyed *in futuro*. There must be a particular estate to support it. The remainder must pass out of the grantor at the creation of the particular estate. It must vest in the grantee during the continuance of the estate or *eo instanti* that it determines.''

4. ''Where a remainder is limited to a person *in esse* and ascertained, to take effect by express limitation, on the termination of the preceding particular estate, the remainder is unquestionably vested.''

5. ''Where a remainder is limited to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to be determined by an event that must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the remainder-man is *in esse* and ascertained, provided nothing but his own death before the determination of the particular estate, will prevent such remainder from vesting in possession.''

6. ''It is the uncertainty of the right of enjoyment, and not the uncertainty of its actual enjoyment, which renders a remainder contingent.''

7. ''It should be remembered, too, that no degree of uncertainty as to the remainder-man's ever enjoying the estate which

is limited to him by way of remainder will render such remainder a contingent one, provided he has, by such limitation, a present absolute right to have the estate the instant the prior estate shall determine.''

8. ''The present capacity of taking effect in possession—if the possession were to become vacant—distinguishes a vested from a contingent remainder, and not the certainty that the possession will ever become vacant while the remainder continues.''

9. ''The contingent remainder is where the estate in remainder is limited either to a dubious and uncertain person, or upon the happening of a dubious and uncertain event.''

In the instant case a present interest, on the death of the testator, did pass to certain and definite persons—that is, his children—to be enjoyed in the future. There was a life estate to support the interest which passed to each of them. The remainder passed out of the grantor on the creation of the life estate which was devised to his widow. It vested in the children at the very instant the life estate commenced. The possession and enjoyment passed to the children immediately upon the termination of the life estate. The remainders devised to the children of Dennis McCarthy were limited to take effect immediately upon the determination of the life estate of his widow, which estate was to determine by an event (the death of the widow) that must unavoidably happen by the efflux of time, and upon the death of Dennis McCarthy the remaindermen, his children, were *in esse* and ascertained, and nothing but their own deaths, before the determination of the life estate of the widow, could have prevented their remainders from vesting in possession. There is no uncertainty of the right of enjoyment in the children. They had a present absolute right to have the estate in possession the instant the prior estate determined. The remainders are limited to certain and definite persons—testator's children—and upon a certain and definite event—the death of the widow.

Another familiar rule is stated thus: ''An estate once vested will not be divested unless the intent to divest clearly appears.''

The following rule will be found in Gray's The Rule Against Perpetuities (3d Ed.), page 85:

"Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is incorporated into the description of, or into the gift to the remainderman, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested. Thus on a devise to A. for life, remainder to his children, but if any child dies in the lifetime of A. his share to go to those who survive, the share of each child is vested, subject to be divested by its death. But on a devise to A. for life, remainder to such of his children as survive him, the remainder is contingent."

In the will of Dennis McCarthy there is a complete devise of a vested interest, subject to the life estate; then a clause is added after the semicolon divesting the interest on the contingency of death of the devisee before the life tenant. And under this rule the vested interest is subject to be divested upon the happening of such contingency.

A full statement of the rule marked 5, in *Doe, Lessor of Poor*, v. *Considine, supra*, is as follows:

"Where a remainder is limited to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event that must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the remainderman is *in esse* and ascertained, provided nothing but his own death before the determination of the particular estate, will prevent such remainder from vesting in possession; yet, if the estate is limited over to another in the event of the death of the remainderman before the determination of the particular estate, his vested estate will be subject to be divested by that event, and the interest of the substituted remainderman which was before either an executory devise or a contingent remainder, will, if he is *in esse* and ascertained, be immediately converted into a vested remainder."

In the case at bar the estate is limited over in the event of the death of any child of Dennis McCarthy before the determination of the life estate, and under the rule it is subject to be divested by the death of any child and vests in the heirs of his body if *in esse* and ascertained.

In the case of *Jeffers* v. *Lampson,* 10 Ohio St., 101, 104, the share of the son dying before the widow was to go to a survivor, and the Supreme Court held the share vested, subject to be divested upon the contingency therein stated.

In the case of *Flannagan* v. *Staples, supra,* the court held that each child of the testator took a vested interest, subject to be divested, in case of his death before the decease of the widow, in favor of his surviving issue.

The same holding will be found in *Camp* v. *Cronkright, supra; In re McCauley et al, supra.*

In *Lyons* v. *Ostrander,* 167 N. Y., 135, 60 N. E. Rep., 334, the will, after making provision for Jacob Weeks Cornwell during his life, contains this clause:

"Upon his death I give, devise and bequeath the said lots of land and buildings to Virginia Cornwell, wife of said Jacob Weeks Cornwell, Ida Van Cott, Clarissa Lyon and Millard Fillmore Cornwell, children of said Jacob Weeks Cornwell, share and share alike, the issue of such as may have died to take the share to which his, her or their parents would, if living, have been entitled."

The court of appeals of New York held that the remaindermen took vested interests, "and where one predeceases the life beneficiary her share becomes divested and vests in her issue, and a trustee under her will does not take any interest in the property."

The following authorities sustain the rule: *Ranhofer* v. *A. C. & H. M. Hall Realty Co.,* 128 N. Y. Supp., 230; *Schwartz* v. *Rehfuss,* 114 N. Y. Supp., 92; *Boyd* v. *Sanders,* 141 Ga., 405, 81 S. E. Rep., 205; *Sumpter* v. *Carter,* 115 Ga., 893, 42 S. E. Rep., 324; *Fields* v. *Lewis,* 118 Ga., 573, 45 S. E. Rep., 437; *Hervey* v. *McLaughlin,* 1 Price Eng. Ex., 264; *Straus* v. *Rost,* 67 Md., 465, 10 Atl. Rep., 74; *McArthur* v. *Scott,* 113 U. S., 340, 28 L. Ed., 1015; *White* v. *Smith,* 87 Conn., 663, 89 Atl. Rep., 272, 275, and cases there cited; 2 Underhill on Wills, Section 867.

The case under consideration is not controlled by *Linton* v. *Laycock,* 33 Ohio St., 128. That case approves *Brasher et al* v.

*Marsh et al,* 15 Ohio St., 103, and the third paragraph of the syllabus in the latter case reads:

"The words 'or their heirs' were designated to provide for the case of such children as might die before the final distribution—not a new class of beneficiaries. 'Heirs' is used as a word of limitation, and those only can claim under it who derive title through a deceased child."

In the former case the court, in the opinion, page 136, say:

"It is reasonable to presume that the testator had in view the disposition which the law makes of intestate estates."

And again, on the same page, the writer of the opinion uses these words:

"That is to say, in case of the death of one of his children, his share was not to go to the survivors, but to be considered as if inherited by the heir of the deceased."

The will of Dennis McCarthy shows no intention on his part to have the shares of his children pass as they would under the laws governing intestate estates. On the contrary, the will clearly shows an intention to change such devolution, and the share of a deceased child passes to the "heirs of the body." The "heirs of the body" of the children do not inherit from the parent, but are by the will substituted for the parent. So if they take any estate, they take by the will of the grandfather, not by inheritance from their parent. While the words "heirs of the body" are usually construed as words of limitation, they are here used as words of purchase. The estate which came to the grandchildren came by devise and not by inheritance.

Counsel for Frances E. and Alma H. McCarthy, two of the children who signed the deed and mortgage but survived their mother, contend that their conveyances pass only a determinable fee, that the language of those instruments is not sufficient to pass to the defendant, Hansel, the indefeasible title which they acquired upon the death of the widow of Dennis McCarthy, and that they are not estopped to dispute the claims of such defendant.

The grantors in the deed to Hansel and in the mortgage through which he derived his title covenanted that they are "the true and lawful owners of said premises and have full power to convey the same," etc. It is contended that the words "owners of said premises" are not equivalent to "seized in fee" of said premises, and that "the children owned determinable fees by operation of law; these they conveyed, and these they warranted, and nothing more."

No doubt the meaning of the word "owner" depends upon the connection in which it is used, and may or may not mean one who holds the fee simple or highest estate, as held in *Baltimore & Ohio Rd. Co.* v. *Walker,* 45 Ohio St., 577, 585. But what does it mean in the covenants referred to? As applied to land it usually denotes a fee simple title.

In *Irvine* v. *Irvine,* 9 Wall., 617, 19 L. Ed., 800, the first paragraph of the syllabus reads: "When one makes a deed of land covenanting therein that he is the owner, and subsequently acquires an outstanding and adverse title, his new acquisition enures to the grantee on the principle of estoppel."

The deed recited that the grantor was "well seized in fee, and had good right to sell and convey in fee." The federal Supreme Court treated that language as equivalent to the word "owner."

See also, *Coombs* v. *People,* 198 Ill., 586, 64 N. E. Rep., 1056; *Wright* v. *Bennett,* 4 Ill. (3 Scamm.), 258; *The Ill. Mut. Fire Ins. Co.* v. *Marseilles Mfg. Co.,* 6 Ill. (1 Gilm.), 236; *Jarrot* v. *Vaughn,* 7 Ill. (2 Gilm.), 132; *Whiteside* v. *Divers,* 5 Ill. (4 Scamm.), 336; *Hadlock* v. *Hadlock,* 22 Ill., 384; *McFeters* v. *Pierson et al,* 15 Colo., 201, 24 Pac. Rep., 1076, 22 Am. St. Rep., 388; Bouvier's Law Dictionary.

The defendants, Frances E. and Alma H. McCarthy, are estopped by the covenants in their conveyances to claim any estate in the premises devised to them by their father.

Judgment accordingly.

WALTERS, J., and MERRIMAN, J., concur.