By the Court.
This cause was heard on appeal and was submitted on an agreed statement of facts.
John Kellermann died testate in March, 1903, and his will was probated the next month. He left surviving him a widow, Philomena Kellermann, and nine children. On December 24, 1908, one of his sons, Joseph Kellermann, executed and delivered a general warranty deed purporting to convey to the plaintiff, John Hudson, an undivided *425 one-ninth interest in certain real estate which had been owned by his father, John Kellermann. Joseph Kellermann died intestate June 5, 1913, leaving surviving him a widow and four children, three of whom are minors, and all of whom are now living. Philomena .Kellermann, widow of John Kellermann, and mother of Joseph Kellermann, died September 12, 1918.
■The most important items of the will are as follows:
Item 2. I give, devise and bequeath to my beloved wife, Philomena Kellermann, all my real estate wheresoever situated, to have and to hold the same, during the period of her natural life.
Item 3. At the death of my said wife, Philomena Kellermann, I give, devise and bequeath all my real estate wheresoever found to my children share and share alike. If any of my children shall have died leaving children surviving them, then the children of said deceased child shall take the share that the parent would be entitled to if living.
Item 5. The proceeds of the $2,000.00 life insurance policy which I hold from The People’s Mutual Benefit Society of Elkhart, Indiana, shall be divided as follows: One-third to my wife,
■Philomena Kellermann, and the remaining two-thirds among my children then living share and share alike, but if any of my children shall have died before my decease leaving children surviving them, then the share that such deceased child would receive shall go to and be divided among the children of said deceased child, share and share alike.
*426 The plaintiff brought an action in partition claiming to own an undivided one-ninth of one parcel of real estate. The children of Joseph Kellermann filed an answer and cross-petition, denying that Hudson had any interest in the real estate, and claiming ownership of the one-ninth under the will of their grandfather. They prayed that the plaintiff’s petition be dismissed, and asked for partition of the property.
Both parties are claiming under the will of John Kellermann, and the question that is decisive of this suit is: What interest did Joseph Kellermann have under the will of his father?
The plaintiff contends that upon the death of John Kellermann, his son was immediately vested of an indefeasible remainder in one-ninth of the real estate. The children of Joseph Kellermann claim that the remainder which their father took was defeasible and subject to being divested by the death of Joseph Kellermann prior to the death of his mother. The language of the will is: “If any of my children shall have died leaving children.” Does the phrase “shall have died” mean “shall have died prior to the death of the testator,” or “shall have died prior to the death of the widow?” The intention of the testator, if it can be ascertained, must govern. An examination of Item 5 of the will shows that when the testator said “if any of my children shall have died before my decease,” he knew and understood how to make clear his intention that the contingency of death referred to related to his own death. He used a different form of statement in Item 3.
*427 If the contingency related to the death of the testator, the gift to his children under Item 3 would have been contingent and not vested. The court is of opinion that the phrase “if any of my children shall have died” means “shall have died prior to the death of Philomena Kellermann.” This creates in each of his children an estate vested, but subject to being divested upon the happening of the contingency therein provided. McArthur v. Scott, 113 U. S., 340; Stark, Trustee, v. Marsh, 29 O. C. A., 417; La Roche v. La Roche, 10 Ohio App., 242, and McCarthy v. Hansel, 4 Ohio App., 425.
The estate which Joseph Kellermann transferred to the plaintiff was a defeasible remainder in fee. The death of Joseph Kellermann prior to the death of his mother divested the estate and caused it to vest in his four children.
The plaintiff, therefore, has no right in the property.- His petition will be dismissed and an order will be entered on the cross-petition of Lawrence Kellermann and others for a partition of the property.

Judgment for defendants.

Shohl', P. J., Hamilton and Cushing, JJ., concur.