**Salem**

WILLIAM ALLEN DUARTE

v.

COMMONWEALTH OF VIRGINIA

No. 1215-90-3

Decided July 30, 1991

COUNSEL

Joe Garrett (Garrett & Garrett, on brief), for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—William Allen Duarte appeals his conviction of possession of marijuana with intent to distribute. The sole issue Duarte raises is whether the trial court erroneously refused to suppress evidence obtained through the search of his dormitory room by school officials. We find the trial court properly admitted the evidence.

Duarte was a student at Averett College, a private four year liberal arts school in Danville, Virginia. Duarte lived on campus in a dormitory room that he shared with Hugh Thomas Francis, Jr. On February 14, 1990, as part of his investigation into a burglary, Danville detective T.A. Smith telephoned the Averett College Dean of Students, Pat Morgan, to inquire whether Duarte and Francis lived on campus. Smith explained he believed there was a possibility some of the stolen property, namely a microwave oven and a street sign, might be located somewhere on campus. During that conversation, Morgan informed Smith that she would probably search Duarte's room because of some other independently obtained information she had relating to Francis. Smith asked Morgan to refrain from searching Duarte's room at that time due to his concern that her search might interfere with his investigation. The next day, Smith again spoke by telephone with Morgan, who advised him that Francis and Duarte did in fact live in a dormitory room on campus. Smith then told Morgan the police were proceeding with their investigation but never mentioned a search of Duarte's room.

On February 19, 1990, Morgan directed two college officials to conduct an inventory search of Duarte's dormitory room and to

confiscate any contraband or stolen items, pursuant to the guidelines for searches and seizures set forth in the Averett College Student Handbook. The handbook is supplied to each student at the beginning of every year. In addition, each dormitory resident is required to sign a residency form that states the resident understands and promises to abide by Averett College's rules and regulations.

Upon searching Duarte's room, the two school officials found several bags of marijuana and drug paraphernalia located in two desk drawers. The officials confiscated the marijuana and paraphernalia and delivered it to Morgan, who notified Smith of the search results. Smith came to Morgan's office and took custody of the contraband. Morgan then spoke with Duarte, who confessed he bought the marijuana intending to sell some of it in order to cover its cost.

Prior to trial, Duarte filed a motion to suppress the evidence obtained through the search of his room. The court denied his motion. Duarte renewed his motion at trial, but it was again denied. The trial court proceeded to convict Duarte of possession of marijuana with intent to distribute. This appeal followed.

On appeal, Duarte contends the search of his room was unreasonable and unlawful, and, therefore, the evidence obtained as a result of the search should have been excluded from his trial. "[T]he rule which excludes evidence obtained by unlawful search because in violation of the Fourth Amendment does not apply where the unlawful search was made by a private individual acting on his own initiative." *Harmon v. Commonwealth*, 209 Va. 574, 577, 166 S.E.2d 232, 234 (1969). Thus, the fourth amendment protections against unreasonable searches and seizures are "wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (quoting *Walter v. United States*, 447 U.S. 649, 662 (1980)); *see Skinner v. Railway Labor Executive Ass'n*, 489 U.S. 602, 613-14 (1989). Therefore, in order to exclude evidence based on a fourth amendment violation, a defendant must demonstrate the contested search or seizure was conducted by an officer of the government or someone acting at the government's direction rather than a private individual acting on his own initiative.

Whether a private party should be deemed an agent or instrument of the Government for Fourth Amendment purposes necessarily turns on the degree of the Government's participation in the private party's activities, a question that can only be resolved "in light of all the circumstances." The fact that the Government has not compelled a private party to perform a search does not, by itself, establish that the search is a private one.

*Skinner*, 489 U.S. at 614-15 (citations omitted).

In *Skinner*, the Federal Railroad Administration (FRA) promulgated a regulation that did not require but authorized railroads to administer breath and urine tests to employees who violated certain safety rules. The railroad employees' unions challenged the constitutionality of the regulation. The Supreme Court found the government had removed all legal barriers to the testing authorized by the regulation and had "made plain not only its strong preference for testing, but also its desire to share in the fruits of such intrusions. In addition, it [had] mandated that the railroads not bargain away the authority to perform tests granted" by the regulation. *Id.* at 615. Thus, the Court held such factors "are clear indices of the Government's encouragement, endorsement, and participation, and suffice to implicate the Fourth Amendment." *Id.* at 615-16.

In the present case, a consideration of all the circumstances leads us to conclude that the fourth amendment is not implicated by the search of Duarte's room at the direction of Morgan. Though Detective Smith informed Morgan that he received Duarte's name while investigating a burglary, he did not compel or even encourage her to conduct a search of Duarte's room. As a part of his investigation into the burglary, Smith telephoned Morgan to inquire whether Duarte and Francis lived on campus. Smith explained he believed there was a possibility stolen property might be located somewhere on campus. Smith told Morgan that he had the names of Francis and Duarte, and that he was trying to determine whether they lived on campus or at another address off campus. Morgan informed Smith that she would probably search Duarte's room because of some other independently obtained information she had relating to Francis. Smith responded by specifically asking her to refrain from searching Duarte's room

until after he completed his investigation because he feared he might lose the possibility of talking to Francis and Duarte. The next day, Morgan advised Smith that Francis and Duarte did in fact live in a dormitory room on campus. Smith then told her that the police were proceeding with their investigation, but never withdrew his request that she refrain from searching Duarte's room. Several days after that conversation and without any kind of prompting by the police, Dean Morgan directed officials of Averett College to conduct a search of Duarte's room in accordance with the school's rules and regulations and student handbook.

The record clearly shows that for the purposes of their investigation, the police discouraged rather than encouraged Morgan from searching Duarte's room. Smith specifically requested that she refrain from conducting a search until he had an opportunity to investigate the burglary. Further, the police played no role in the actual search. Though Smith knew Morgan was considering conducting a search based on other information she possessed, he was not notified or consulted about the actual search. Therefore, we find the search was conducted by a private party acting on her own initiative rather than as an agent of the police or with the participation of the police. Thus, we hold the evidence obtained as a result of the search of Duarte's room was properly admitted into evidence at Duarte's trial. Accordingly, we affirm Duarte's conviction.

*Affirmed.*

Duff, J., and Willis, J., concurred.