COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia

BRIAN ROBERTS

v.          Record No. 1975-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                   OCTOBER 31, 1995

              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          J. Warren Stephens, Judge

              David B. Olson for appellant.

              Thomas D. Bagwell, Assistant Attorney General,
              (James S. Gilmore, III, Attorney General; Monica
              S. McElyea, Assistant Attorney General, on brief),
              for appellee.


     Brian Roberts (defendant) was convicted by the trial court

for possession with intent to distribute marijuana in excess of

one-half ounce but less than five pounds in violation of Code

§ 18.2-248.1.  Defendant complains on appeal that the trial court

erroneously declined to suppress evidence obtained through an

"illegal seizure."  Finding no error, we affirm the conviction.

     The parties are fully conversant with the record in this

case, and we recite only those facts necessary to a disposition

of this appeal.

     On appeal from a trial court's denial of a motion to

suppress, we must review the evidence in the light most favorable

to the prevailing party below, the Commonwealth in this instance,

granting to it all reasonable inferences fairly deducible

therefrom.  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067,

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

407 S.E.2d 47, 48 (1991); Reynolds v. Commonwealth, 9 Va. App. 430, 436, 388 S.E.2d 659, 663 (1990). The findings of the trial court will not be disturbed unless "plainly wrong," Grimstead, 12 Va. App. at 1067, 407 S.E.2d at 48, and the burden is upon the appellant to show that the denial constituted reversible error. Reynolds, 9 Va. App. at 436, 388 S.E.2d at 663.

The record discloses that the defendant was arrested for trespass by a privately employed security guard. During a subsequent consent search of defendant's person, the guard detected a bulge in defendant's pants and, "inside . . . found . . . 11 little small bags" of marijuana. This evidence was admitted at trial, despite defendant's objection and related motion to suppress.

"Evidence obtained in violation of the Fourth Amendment is inadmissible in a criminal prosecution for a charged criminal violation pertaining to the seized evidence." Anderson v. Commonwealth, 20 Va. App. 361, 363, 457 S.E.2d 396, 397 (1995). However, the Fourth Amendment is implicated only in government action, not in searches and seizures undertaken by private actors. United States v. Jacobsen, 466 U.S. 109, 113 (1984); Morke v. Commonwealth, 14 Va. App. 496, 503, 419 S.E.2d 410, 414 (1992). "[A] private search, no matter how unreasonable, does not constitute a constitutional violation warranting the suppression of the evidence seized." Mills v. Commonwealth, 14 Va. App. 459, 463, 418 S.E.2d 718, 720 (1992). Thus, evidence obtained in contravention of Fourth Amendment protections is

excluded only when an accused "demonstrate[s] the contested search or seizure was conducted by an officer of the government or someone acting at the government's direction . . . ." <u>Duarte v. Commonwealth</u>, 12 Va. App. 1023, 1025, 407 S.E.2d 41, 42 (1991).

Here, there is no evidence that the guard acted under color of governmental authority.  From the initial contact with defendant until the subsequent arrest and disputed search and seizure, the guard was pursuing duties related only to his private employment, conduct which clearly presents no Fourth Amendment evidentiary issues.  Accordingly, we affirm the conviction.

<u>Affirmed</u>.