COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


WILLIAM ANTHONY GRANT

                                    MEMORANDUM OPINION* BY
v.  Record No. 2925-96-1         JUDGE JAMES W. BENTON, JR.
                                       NOVEMBER 10, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Randolph T. West, Judge

          Lyn M. Simmons for appellant.

          Leah A. Darron, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     William Anthony Grant appeals his conviction for possession

of cocaine with intent to distribute and possession of a firearm

while in possession of cocaine.  He contends that the trial judge

erred in refusing to suppress evidence and that the evidence was

insufficient to support his convictions.  We disagree and affirm

the convictions.

                                I.

     The evidence at trial proved that Dennis Singleton was

employed by a private business as an armed security guard to

patrol an apartment complex in the City of Newport News.  At the

entrance to the apartment complex, signs are posted warning "No

trespassing" and stating that identification will be required.

Singleton's duties included "[e]nforcing local laws, property

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

rules, . . . making any kind of arrests, responding to any calls of tenants having any problem with guests or other tenants."

In the early morning of September 2, 1995, Singleton and another private security guard approached a vehicle, which Singleton did not recognize, that was parked within the apartment complex. The vehicle's two occupants, whom Singleton did not recognize, were speaking to a woman who resided in the apartment complex. When Singleton asked the woman if she knew the driver, she said she knew him as "Eric" or "Rick" and she walked away.

Singleton then asked both men for identification. Grant, who was seated in the driver's seat, produced his operator's license. The address on the license indicated that he was not a resident of Woodsong Apartments. Singleton testified that Grant responded "you know me . . . give me a break." Singleton asked Grant to step out of the vehicle and asked Grant if he had any drugs or weapons in the car.

At this point in the testimony, Grant's trial counsel made a motion to suppress evidence because Singleton violated Grant's "constitutional right . . . to remain in his vehicle." Grant's trial counsel also questioned Singleton concerning his discoveries. The trial judge denied Grant's motion to suppress the evidence found on Grant's person and in the vehicle.

Singleton testified that when Grant exited the vehicle, Grant told him that drugs were in a brown paper bag behind the driver's seat. Singleton testified that he asked Grant for

permission to search his person and vehicle and that Grant gave him permission. Singleton found one marijuana cigarette in one of Grant's pockets. He arrested Grant and handcuffed him. Singleton then found more marijuana and several pieces of crack cocaine in Grant's other pocket. Grant also had a pager and $244 in cash on Grant's person. In the vehicle, Singleton found a brown paper bag that contained several large pieces of crack cocaine and a black electronic scale. Singleton also found a loaded gun under the passenger seat.

Singleton then contacted the Newport News police. A police officer arrived and took Grant to a magistrate, who issued an arrest warrant.

At the conclusion of the Commonwealth's case-in-chief, Grant made a motion to strike the evidence, arguing that the evidence was insufficient to prove that he possessed the weapon found in the vehicle. The trial judge denied this motion.

In his defense, Grant testified that Singleton pushed him up against the truck, handcuffed him, and then searched his person and the vehicle without his consent. Grant also testified that he had been convicted of drug possession before and, therefore, knew he could refuse consent to a search of his person or vehicle. He testified that he did not consent because "I knew I was dirty . . . . I knew I had cocaine in my truck and on my person." Grant also testified that the pager belonged to the daughter of the woman who resided in the apartments.

After presenting evidence on his own behalf, Grant renewed his motion to suppress.  He did not, however, renew his motion to strike.  The trial judge denied Grant's motion to suppress and found Grant guilty of possession of cocaine with intent to distribute and possession of a firearm while in possession of cocaine.  Grant did not make a motion to set aside the verdict.

II.

Grant first argues that the evidence seized from his person and vehicle was seized in violation of the Fourth Amendment and, therefore, the trial judge should have granted his motion to suppress.

"Evidence obtained in violation of the Fourth Amendment is inadmissible in a criminal prosecution for a charged criminal violation pertaining to the seized evidence."  Anderson v. Commonwealth, 20 Va. App. 361, 363, 457 S.E.2d 396, 397 (1995).  However, the Fourth Amendment is implicated only in government action, not in searches and seizures undertaken by private actors.  See United States v. Jacobsen, 466 U.S. 109, 113 (1984); Morke v. Commonwealth, 14 Va. App. 496, 503, 419 S.E.2d 410, 414 (1992).  "[A] private search, no matter how unreasonable, does not constitute a constitutional violation warranting the suppression of the evidence seized."  Mills v. Commonwealth, 14 Va. App. 459, 463, 418 S.E.2d 718, 720 (1992).  "Therefore, in order to exclude evidence based on a Fourth Amendment violation, a defendant must demonstrate the contested search or seizure was

conducted by an officer of the government or someone acting at the government's direction." Duarte v. Commonwealth, 12 Va. App. 1023, 1025, 407 S.E.2d 41, 42 (1991). Whether government action is implicated is a question of fact that turns on the degree of the government's "participation in the private party's activities," id. at 1026, 407 S.E.2d at 42, and must be decided under the circumstances of each case. Mills, 14 Va. App. at 463, 418 S.E.2d at 720.

No evidence in this record tended to prove that Singleton was acting at the government's direction or that the government participated in his activities. Singleton was privately employed to patrol the apartment complex; he was not a police officer. He acted only in the interest of the apartment complex. No evidence proved that any law enforcement agencies knew about or exercised any power or control over Singleton's actions on the day in question. From Singleton's initial contact with Grant through the disputed search and seizure, Singleton was pursuing duties related to his private employment as a security guard. That conduct clearly does not implicate the protections of the Fourth Amendment. Accordingly, the trial judge did not err in denying Grant's motion to suppress.

III.

Grant next argues that the evidence was insufficient to support his conviction for possession of cocaine with intent to distribute. However, Grant actually testified that he knew about

the presence of the cocaine and the scale.  Moreover, Grant's trial counsel never claimed in the trial court that the evidence was insufficient to show that Grant possessed the cocaine and scale found in the vehicle or that Grant intended to distribute the cocaine.  Accordingly, Grant is barred from raising this issue for the first time on appeal.  Rule 5A:18.  A challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court.  Mounce v. Commonwealth, 4 App. 433, 435, 357 S.E.2d 742, 744 (1987).  A reason not asserted at trial as to why the evidence is insufficient is not considered on appeal.  See Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978).  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## IV.

Grant also challenges the sufficiency of the evidence to convict him for possession of a firearm while in possession of cocaine.  At the end of the Commonwealth's case-in-chief, Grant moved to strike the Commonwealth's evidence based on the sufficiency of the evidence to show that Grant possessed the handgun found in the vehicle.  Grant then presented evidence but did not make another motion to strike the evidence or make a motion to set aside the verdict.

When Grant elected to present evidence on his behalf, he waived his right to stand on his motion to strike the evidence

- 6 -

made at the close of the Commonwealth's case-in-chief.  "[I]n a bench trial, where a defendant wishes to preserve a sufficiency motion after presenting evidence, the defendant must make a motion to strike at the conclusion of all the evidence, present an appropriate argument in summation, or make a motion to set aside the verdict."  <u>Howard v. Commonwealth</u>, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995).  Because Grant failed to renew his motion to strike or move to set aside the verdict, the issue is not preserved for appeal.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>