COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McClanahan and Petty
Argued at Lexington, Virginia


CHRISTOPHER JERRY EVANS

                                       MEMORANDUM OPINION[*] BY

v.      Record No. 1115-09-3          JUDGE ELIZABETH A. McCLANAHAN
                                          JUNE 8, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Keith Orgera, Assistant Public Defender, for appellant.

(Kenneth T. Cuccinelli, II, Attorney General; Susan M. Harris,
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


Christopher Jerry Evans was convicted in a bench trial of possession of a firearm as a

convicted violent felon in violation of Code § 18.2-308.2, and carrying a concealed weapon in

violation of Code § 18.2-308.  On appeal, Evans argues the trial court erred in denying his

motion to suppress evidence of a holstered handgun on his person because the private security

guards who seized the handgun from him were state actors and their actions violated his Fourth

Amendment rights against unreasonable search and seizure.  For the following reasons, we hold

that the private security guards were not state actors and, thus, not subject to the Fourth

Amendment constraints against government action.  We therefore affirm Evans' convictions.

Jerry Overstreet, Jr., a licensed security guard working for a private security company,

was on duty at an apartment complex when he encountered Evans in the courtyard, and asked

Evans for identification.  Evans immediately fled, and Overstreet pursued him.  Overstreet and

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

another on-duty licensed private security guard, also employed by the same private security company, eventually overtook Evans across the street from the complex and subdued him. One of the security guards then "patted [Evans] down," and "found a small caliber handgun revolver in a holster on his right side under his jacket and shirt."

At his trial, Evans filed a motion to suppress the evidence of his possession of the firearm. Evans asserted that the security guards were functioning as state actors when they stopped and searched him and that they did so without reasonable suspicion that Evans was engaged in any criminal activity, in violation of Evans' Fourth Amendment rights. Based on the evidence presented to the trial court on that issue, the court found that the security guards were not state actors, and denied Evans' motion.

The controlling legal principles are well established. In our review of a trial court's denial of a motion to suppress, the burden is upon the appellant "'to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). Further, while we are bound to "review *de novo* the trial court's application of defined legal standards to the particular facts of a case," we review its "findings of historical fact only for 'clear error.'" Rashad v. Commonwealth, 50 Va. App. 528, 534, 651 S.E.2d 407, 410 (2007) (quoting Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996)).

A "private search, no matter how unreasonable, does not constitute a constitutional violation warranting the suppression of evidence seized." Mills v. Commonwealth, 14 Va. App. 459, 463, 418 S.E.2d 718, 720 (1992). For evidence to be excluded based on a Fourth Amendment violation, "'a defendant must demonstrate the contested search or seizure was conducted by an officer of the government or someone acting at the government's direction

- 2 -

rather than a private individual acting on his own initiative.'" <u>Debroux v. Commonwealth</u>, 32 Va. App. 364, 370, 528 S.E.2d 151, 154 (2000) (quoting <u>Duarte v. Commonwealth</u>, 12 Va. App. 1023, 1025, 407 S.E.2d 41, 42 (1991)).  This "agency determination is a question of fact to be resolved by the trial court."  <u>Mills</u>, 14 Va. App. at 464, 418 S.E.2d at 720.  Finally, private security guards, who are licensed under the laws of the Commonwealth, "are not, on that basis alone," transformed into "state actors" under agency principles.  <u>Debroux</u>, 32 Va. App. at 370, 528 S.E.2d at 154; <u>see</u> Code § 9-183.3.

Evans failed to prove that either of the licensed private security guards who conducted the contested search and seizure was a state actor, i.e., an "agent of the government," at that time. <u>Jarrett v. Commonwealth</u>, 42 Va. App. 702, 713, 594 S.E.2d 295, 300 (2004).  Evans did not present any evidence that the government had any prior knowledge of, participated in, or encouraged, the private security guards' contested actions.  Indeed, the only evidence specifically related to that issue was the security guards' uncontested testimony that the police had no involvement in their actions.

Thus, the trial court did not err in denying Evans' suppression motion upon correctly concluding from the evidence presented that the private security guards were not state actors. We therefore affirm Evans' convictions.

Affirmed.