[No. 4154-1.    Division One.    January·31, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. NORMAN EDWARD PROCTOR, *Appellant*.

*Greenlee & Greenlee* and *A. Graham Greenlee,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Phillip Y. Killien, Deputy,* for respondent.

SWANSON, J.—Norman Edward Proctor appeals from the revocation of a deferred sentence.

The sole issue is whether evidence which was seized in violation of the fourth amendment to the United States Constitution should be excluded in a probation revocation hearing.

In *State v. Kuhn,* 7 Wn. App. 190, 194, 499 P.2d 49, *aff'd on another ground,* 81 Wn.2d 648, 503 P.2d 1061 (1972), we held that "the Fourth Amendment prohibition against the admission of illegally seized evidence is not applicable to a revocation of probation hearing." Proctor

argues that we should reexamine our holding in *State v. Kuhn* and fully extend the exclusionary rule to probation revocation proceedings. We reject this argument. In *State v. Kuhn*, we stated the policy behind our decision not to extend the exclusionary rule to probation revocation proceedings:

> Expansion of the exclusionary rule to probation hearings would probably further its laudible purpose of deterring unconstitutional methods of law enforcement. But the good to be obtained from such expansion must be balanced against the harm which would result from lessening the necessary controls over probationers and the possibility of judges becoming reluctant to utilize this valuable tool of rehabilitation of offenders. The due process safeguards of a fair hearing spelled out in *State v. Riddell* [75 Wn.2d 85, 449 P.2d 97 (1968)], and other cases from this jurisdiction, furnish adequate protection for the rights of probationers at a revocation of probation hearing.

*State v. Kuhn, supra* at 195. *See State v. Simms*, 10 Wn. App. 75, 516 P.2d 1088 (1973); *State v. Sears*, 553 P.2d 907 (Alas. 1976); *United States v. Winsett*, 518 F.2d 51 (9th Cir. 1975); *In re Martinez*, 1 Cal. 3d 641, 463 P.2d 734, 83 Cal. Rptr. 382, *cert. denied*, 400 U.S. 851, 27 L. Ed. 2d 88, 91 S. Ct. 71 (1970). *But see Amiss v. State*, 135 Ga. App. 784, 219 S.E.2d 28 (1975); *Michaud v. State*, 505 P.2d 1399 (Okla. Crim. App. 1973). We continue to find the reasoning of *State v. Kuhn* persuasive and accordingly decline to extend the exclusionary rule to probation revocation proceedings.

Proctor further argues that we should modify our holding in *State v. Kuhn, supra,* and exclude illegally seized evidence when the officers were aware or had reason to believe that the suspect was on probation. In *United States v. Winsett*, 518 F.2d 51, 54 n.5 (9th Cir. 1975), the court stated:

> [W]hen the police at the moment of search know that a suspect is a probationer, they may have a significant incentive to carry out an illegal search even though knowing that evidence would be inadmissible in any

criminal proceeding. The police have nothing to risk: If the motion to suppress in the criminal proceedings were denied, defendant would stand convicted of a new crime; and if the motion were granted, the defendant would still find himself behind bars due to revocation of probation. Thus, in such circumstances, extension of the exclusionary rule to the probation revocation proceeding may be necessary to effectuate Fourth Amendment safeguards.

*See United States v. Vandemark*, 522 F.2d 1019 (9th Cir. 1975); *State v. Sears, supra.* We agree that the exclusionary rule should not be extended to police searches that are not consciously directed toward probationers. *See United States v. Winsett, supra* at 54. However, there may be situations where the police are aware that a suspect is on probation, but conduct a good faith search which is later held to be unconstitutional. In this situation an extension of the exclusionary rule would serve no marginal deterrent effect. In our judgment only when the police act in bad faith should evidence which is illegally seized be suppressed in a probation revocation proceeding.

The courts have fashioned various remedies including the exclusionary rule to deter governmental misconduct. CrR 8.3(b) states:

The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order.

In *State v. Starrish*, 86 Wn.2d 200, 206, 544 P.2d 1 (1975), the court stated:

Our case law clearly requires a showing of governmental misconduct or arbitrary action by the . . . prosecutor in order to dismiss a . . . charge under CrR 8.3(b).

In *State v. Cory*, 62 Wn.2d 371, 382 P.2d 1019, 5 A.L.R.3d 1352 (1963), an information was dismissed after the court found that the police had eavesdropped upon an attorney-client conference in violation of the defendant's right to counsel. A probation revocation petition could similarly be dismissed pursuant to CrR 8.3(b) if under the totality of the circumstances the trial court found that the police acted

in bad faith in obtaining the evidence that formed the basis for the petition to revoke probation. Whether the police knew or had reason to know that the person to be searched was on probation is an important factor to be considered in determining if there was sufficient governmental misconduct to dismiss. However, a determination whether there was sufficient governmental misconduct is a matter that rests within the sound discretion of the trial judge to be determined from the totality of the circumstances surrounding the search in each case. Absent a showing of manifest abuse of discretion the trial court's determination will not be disturbed on appeal. *See State v. Burri*, 87 Wn.2d 175, 550 P.2d 507 (1976).

The case is remanded for hearing to determine if there was sufficient governmental misconduct to warrant dismissal of the probation revocation petition.

CALLOW and ANDERSEN, JJ., concur.

Petition for rehearing denied May 13, 1977.

Review by Supreme Court pending September 29, 1977.