COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


ARNOLD DORSEY ANDERSON

v.          Record No. 2148-93-2          OPINION BY
                                          JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                   MAY 16, 1995

                FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                        Thomas V. Warren, Judge

            Denis J. McCarthy for appellant.

            Robert B. Beasley, Jr., Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            Janet F. Rosser, Assistant Attorney General,
            on brief), for appellee.


     This appeal is from a trial court's order that revoked

twenty years of Arnold Dorsey Anderson's suspended penitentiary

sentences of fifty-two years.  The sole issue is whether the

trial court erred at the revocation hearing by allowing the

Commonwealth to introduce evidence that Anderson possessed

cocaine, which evidence had been suppressed at an earlier

criminal prosecution against Anderson because the judge ruled

that the cocaine had been illegally seized in violation of the

Fourth Amendment.

     In 1989, Anderson was convicted of five felony counts of

distributing and possessing cocaine.  He was sentenced to a total

of eighty years imprisonment with sixty-four years suspended.

     In 1993, Anderson was charged and prosecuted for possessing

cocaine.  However, at trial, the court found that the cocaine had

been seized in violation of Anderson's Fourth Amendment protection against unreasonable searches and seizures. Based upon that finding, the court suppressed the cocaine as evidence, and because that evidence was indispensable to the prosecution, the court dismissed the indictment charging that Anderson possessed cocaine. The Commonwealth's attorney then requested that a capias be issued to show cause why Anderson's suspended sentence should not be revoked. At the revocation hearing, the Commonwealth introduced as evidence the cocaine that had been suppressed at Anderson's earlier trial. The judge found that Anderson possessed the cocaine and revoked twenty years of Anderson's suspended sentences.

The Fourth Amendment protects people from unreasonable searches and seizures. Katz v. United States, 389 U.S. 347, 351 n.9 (1967). Evidence obtained in violation of the Fourth Amendment is inadmissible in a criminal prosecution for a charged criminal violation pertaining to the seized evidence. Mapp v. Ohio, 367 U.S. 643, 655 (1961). By adopting an exclusionary rule, the Supreme Court sought to curb illegal police conduct in making unwarranted and unreasonable searches and seizures in violation of the Fourth Amendment where no other meaningful sanction against such police misconduct had proven effective. Id. at 651-53. However, the exclusionary rule is not to be "'interpreted to proscribe the introduction of illegally seized evidence in all proceedings or against all persons.'" United

States v. Leon, 468 U.S. 897, 906 (1984) (quoting Stone v. Powell, 428 U.S. 465 (1976)) (emphasis added).

Application of the exclusionary rule has been "restricted to those instances where its remedial objectives are thought to be most efficaciously served." Arizona v. Evans, ___ U.S. ___, ___, 115 S. Ct. 1185, 1191 (1995). In determining whether to extend the exclusionary rule to proceedings other than the immediate criminal prosecution which resulted from the illegal search or seizure, the inquiry must be whether to do so effectively or in a meaningful way furthers the primary purpose of the rule, that is to "deter future unlawful police conduct." United States v. Janis, 428 U.S. 433, 446 (1976); see also Reynolds v. Commonwealth, 9 Va. App. 430, 435, 388 S.E.2d 659, 662 (1990). Many state and federal courts which have considered whether the purpose of the rule is served by excluding illegally seized evidence in secondary proceedings have refused to extend the exclusionary rule to proceedings for the revocation of probation, parole, or a suspended sentence. See Chase v. State, 522 A.2d 1348 (Md. Ct. Spec. App. 1987); Thompson v. United States, 444 A.2d 972 (D.C. 1982); see also Annot. 77 ALR 3d 636 (1977 and 1994 Supp.) (discussing the exclusionary rule in both state and federal revocation proceedings).

Anderson urges us to follow the holding of the United States Fourth Circuit Court of Appeals in United States v. Workman, 585 F.2d 1205 (4th Cir. 1978), which applied the exclusionary rule in

probation revocation hearings.  The <u>Workman</u> decision has been strongly criticized by other courts that have considered it.  <u>See</u> <u>United States v. Bazzano</u>, 712 F.2d 826, 833 n.2 (3rd Cir. 1983) (stating that <u>Workman</u> "greatly overstates" the deterrent effect of the rule), <u>cert. denied</u>, 465 U.S. 1078 (1984).  We decline the invitation to adopt the <u>Workman</u> holding.

Although a probation, parole, or suspended sentence revocation proceeding is not criminal in nature, the outcome of such a proceeding may result in the loss of one's liberty.  <u>See</u> <u>Davis v. Commonwealth</u>, 12 Va. App. 81, 84, 402 S.E.2d 684, 686 (1991).  Nevertheless, unless the evidence shows that the police officers who illegally seized the evidence also acted in bad faith, the exclusionary rule should not be used to prevent the evidence from being admitted into evidence in a secondary proceeding, such as a probation revocation hearing.  <u>See</u> <u>State v. Turner</u>, ___ P.2d ___, 1995 WL 81615 (Kan.); <u>Chase</u>, 522 A.2d at 1362–64.  Unlike the situation in <u>Leon</u>, where evidence seized under a defective warrant is excluded unless the state proves that the police acted in good faith, we hold that illegally seized evidence may be admitted in a secondary proceeding unless the defendant shows that the officer's conduct was so egregious that it constituted bad faith.  Only when an officer acts in bad faith do we need to extend the exclusionary rule of <u>Mapp</u> to secondary proceedings in order to curb improper police conduct.

Conduct which may constitute bad faith on behalf of a police

officer, over and above the illegal search itself, may take many forms.  See People v. Stewart, 610 N.E.2d 197 (Ill. App. 1993) (evidence obtained in illegal warrantless search can be excluded if police know defendant is a probationer); State v. Proctor, 559 P.2d 1363 (Wash. App. 1977) (police conducting illegal warrantless search of known probationer can amount to bad faith justifying excluding evidence).  However, we find nothing in the record which proved that the police officer knew or thought Anderson was on probation or parole, expected that the evidence could be used against Anderson for a secondary purpose, or conducted the search or seizure with a purpose of harassing or annoying Anderson.

Accordingly, we affirm the trial court's ruling.

Affirmed.