*174 TRABUE, Judge.
Jeffrey Torrance Johnson (Johnson) appeals the revocation of probation and a suspended sentence on the ground that the evidence used to show violation of his probation was the product of an illegal search and seizure under the Fourth Amendment. At the time this appeal was argued, no appellate decision in this Commonwealth addressed this specific issue. On May 16, 1995, a panel of this Court determined that the exclusionary rule does not apply in suspended sentence revocation proceedings. See Anderson v. Commonwealth, 20 Va.App. 361, 457 S.E.2d 396 (1995). We hold that the rationale of Anderson applies equally to a revocation of probation and for the reasons set forth below, affirm the action of the trial court.
In 1991, Johnson was convicted of distribution of cocaine and was sentenced to twenty years in the penitentiary with eleven years and seven months suspended on the condition of good behavior and supervised probation upon release after confinement. While on supervised probation, in March 1993, police arrested and charged Johnson with a new offense of possession of cocaine with intent to distribute as a result of an investigatory stop, search, seizure, and arrest.
Richmond police received a call that a man with several guns was standing next to a car behind an apartment building in a high crime area. Responding to the call, a police officer observed Johnson driving quickly from behind the building. The officer stopped Johnson and explained that he was investigating a dispatch. The officer did not know Johnson, nor did the officer know of Johnson’s probationary status. Johnson appeared nervous during the stop and the officer requested that he get out of the car so that the officer could conduct a weapons search. The search revealed ten grams of cocaine, $3000 in cash, a pager, and “some bags.” The officer arrested Johnson and charged him with possession of cocaine with intent to distribute.
At Johnson’s trial on the 1993 offense, the trial court sustained a motion to suppress the evidence, finding that the arresting officer did not have an “articulable reason” to justify *175 the stop. The Commonwealth chose not to go forward with the criminal charges and the court then dismissed them. However, the Commonwealth did proceed with a show cause hearing on Johnson’s alleged violation of probation. In this hearing the trial judge admitted the evidence obtained from the illegal stop. The trial court found that Johnson had violated probation and revoked five years of Johnson’s previously suspended sentence.
Johnson contends on appeal that the exclusionary rule should operate in probation revocation hearings to exclude illegally obtained evidence. We disagree.
Historically, the purpose of the exclusionary rule was “to deter police misconduct.” Derr v. Commonwealth, 242 Va. 413, 422, 410 S.E.2d 662, 667 (1991) (citation omitted). Generally, the rule is intended to deter police misconduct by denying illegally obtained evidence from being admitted in the defendant’s criminal trial. In United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), the United States Supreme Court used a balancing test to determine whether the exclusionary rule should apply to the admission of evidence in grand jury proceedings. Id. at 349, 94 S.Ct. at 620-21. The Court concluded that the potential injury to the grand jury system outweighed the slight deterrent effect of using the exclusionary rule in federal grand jury proceedings. Id. at 351-52, 94 S.Ct. at 621-22.
We find minimal deterrent value in applying the exclusionary rule to revocation hearings. See Payne v. Robinson, 207 Conn. 565, 541 A.2d 504, 507, cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 230 (1988). “[T]he process of revocation hearings ‘should be flexible enough to consider evidence ... that would not be admissible in an adversary criminal trial.’ ” Davis v. Commonwealth, 12 Va.App. 81, 84, 402 S.E.2d 684, 686 (1991) (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972)). In revocation hearings, application of the exclusionary rule would make the revocation proceedings inflexible and punish the court rather than the police. A probationer is subject to the *176 court’s lawful orders; yet, the court, which was not responsible for the illegal search and seizure, would be unable to enforce its orders if the exclusionary rule applied in revocation hearings.
“[Pjrobation revocation hearings are not a stage in a criminal prosecution and therefore a probationer is not entitled to the same due process protections afforded a defendant in a criminal prosecution.” Davis, 12 Va.App. at 84, 402 S.E.2d at 686 (citations omitted). For example, in Davis, we held that a trial court, in its discretion, may admit hearsay testimony in revocation hearings. Id.
The majority of other jurisdictions hold that the exclusionary rule does not apply to revocation hearings. See Anderson, 20 Va.App. at 864, 457 S.E.2d at 398; see also U.S. ex rel. Lombardino v. Heyd, 318 F.Supp. 648, 650-51 (E.D.La.1970), aff'd, 438 F.2d 1027 (5th Cir.), cert. denied, 404 U.S. 880, 92 S.Ct. 195, 30 L.Ed.2d 160 (1971); People v. Coleman, 13 Cal.3d 867, 120 Cal.Rptr. 384, 393, 533 P.2d 1024, 1033 (1975); People v. Atencio, 186 Colo. 76, 525 P.2d 461, 463 (1974); Brill v. State, 159 Fla. 682, 32 So.2d 607, 610 (1947); People v. Dowery, 20 Ill.App.3d 738, 312 N.E.2d 682, 687 (1974), aff'd, 62 Ill.2d 200, 340 N.E.2d 529 (1975); Dulin v. State, 169 Ind.App. 211, 346 N.E.2d 746, 751 (1976); State v. Caron, 334 A.2d 495, 499-500 (Me.1975); Lemire v. Bouchard, 113 N.H. 174, 304 A.2d 647, 649 (1973); Commonwealth v. Davis, 234 Pa.Super. 31, 336 A.2d 616, 622 (1975); State v. Kuhn, 7 Wash.App. 190, 499 P.2d 49, 51-52, aff'd, 81 Wash.2d 648, 503 P.2d 1061 (1972). See generally, Philip E. Hassman, Annotation, Admissibility, in State Probation Revocation Proceedings, of Evidence Obtained Through Illegal Search and Seizure, 77 A.L.R.3d 636, 641-46 (1977); 21 Am.Jur.2d Criminal Law § 579 (1981); 16C C.J.S. Constitutional Law § 1123 (1985). We believe that the rationale of Anderson, in light of the persuasive authority of our sister jurisdictions, is applicable here. Accordingly, we hold that the exclusionary rule has no application in probation revocation hearings.
*177 Some jurisdictions have held that due process considerations may require suppression of illegally seized evidence in revocation hearings where the record supports a finding that state actors had a bad faith motive in obtaining the evidence of the probation violation. See Anderson, 20 Va.App. at 365, 457 S.E.2d at 398; State v. Proctor, 16 Wash.App. 865, 559 P.2d 1363, 1364 (1977); People v. Stewart, 242 Ill.App.3d 599, 182 Ill.Dec. 773, 780-81, 610 N.E.2d 197, 204-05 (1993). Here, the trial court found, and the record supports, that no bad faith motive was involved in this stop of Johnson’s vehicle.
Accordingly, for the reasons stated above, we affirm the revocation of Johnson’s suspended sentence.

Affirmed.