COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


OLIVER MILTON BASNIGHT, A/K/A
 LEONARD JONES

                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1845-95-2        JUDGE JOHANNA L. FITZPATRICK
                                           MAY 28, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   James B. Wilkinson, Judge

          Patricia P. Nagel, Assistant Public Defender
          (David J. Johnson, Public Defender, on
          brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Oliver Milton Basnight (appellant) appeals the trial court's

revocation of his suspended sentence.  He argues that the trial

court erred in relying on evidence obtained during a warrantless

search in violation of the Fourth Amendment.  Because the

exclusionary rule does not apply in revocation hearings except

where bad faith is shown, we affirm the trial court.

     In September 1990, appellant was convicted of possession of

cocaine with intent to distribute and sentenced to fifteen years

in the state penitentiary, with ten suspended.

     On March 24, 1995, an anonymous informant notified the

Richmond Police Department that appellant, also known as Leonard

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Jones, was at 3007 Decatur Street in the City of Richmond. Officer James C. Samuels (Samuels), who did not know appellant, responded to the call to arrest him on an outstanding warrant. Samuels entered the house and determined which of the three men in the house was appellant. Samuels then arrested him and handcuffed him. After placing him under arrest, Samuels left him in the front hall, returned to the room where he first saw him, and opened the window blinds. He saw the butt of a gun on the chair where appellant had been sleeping and seized the gun. At the police department, appellant stated that he won the gun while gambling.

On April 13, 1995, while the March 24, 1995 firearm possession charge was pending, the trial court revoked a portion of appellant's suspended sentence for failing to notify his probation officer of his address and for absconding from supervised probation. The court imposed the ten years, ordering appellant to serve two and leaving eight suspended. On July 5, 1995, the court again ordered appellant to appear and "show cause why the suspended sentence previously imposed should not be revoked" based upon his possession of a firearm on March 24, 1995. At the show cause hearing on August 2, 1995, appellant moved to suppress the gun and his statement, arguing that Samuels' warrantless entry and search of the house violated his Fourth Amendment rights. The trial court denied the motion to suppress and found that the gun was properly seized because it

2

was in plain view.  The court revoked appellant's suspended sentence, imposed the remaining eight years, and granted the Commonwealth's motion to nolle prosequi the underlying firearm charge against appellant.

The Supreme Court of Virginia has held that "the exclusionary rule is not applicable in a probation revocation hearing absent a showing of bad faith on the part of the police." Anderson v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (1996).  In Anderson, the Supreme Court recognized that "[a]pplication of the exclusionary rule in a probation revocation proceeding would frustrate the remedial and protective purposes of the probation system, because a court would not be permitted to consider relevant evidence of the probationer's rehabilitation or regression." Id.  "Conduct which may constitute bad faith on behalf of a police officer, over and above the illegal search itself, may take many forms." Anderson v. Commonwealth, 20 Va. App. 361, 365, 457 S.E.2d 396, 398 (1995).

In the instant case, the exclusionary rule did not prevent the trial court from considering the gun and appellant's statement.  No evidence shows any bad faith by the police.  As in Anderson, the record fails to indicate that Samuels "knew or thought [appellant] was on probation or parole, expected that the evidence could be used against [appellant] for a secondary purpose, or conducted the search or seizure with a purpose of harassing or annoying [appellant]." Id. at 365-66, 457 S.E.2d at

3

398. Samuels did not know appellant and had no knowledge of appellant's probationary status. The only information provided to Samuels was that: (1) appellant was also known as Leonard Jones; (2) he was at the Decatur Street address; and (3) there was an outstanding warrant for his arrest.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.