COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                       MEMORANDUM OPINION* BY
v.    Record No. 0318-99-2            JUDGE LARRY G. ELDER
                                          AUGUST 3, 1999
JACKY RAY LANE


                FROM THE CIRCUIT COURT OF HANOVER COUNTY
                      Richard H. C. Taylor, Judge

           Marla Graff Decker, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           briefs), for appellant.

           Bruce P. Ganey (Ganey & Laibstain, P.C., on
           brief), for appellee.


     Jacky Ray Lane (defendant) stands indicted for possession

of cocaine.  The Commonwealth appeals a pretrial ruling granting

defendant's motion to suppress all evidence seized pursuant to a

search warrant on the ground that the seizure resulted from an

earlier illegal entry into defendant's home, which occurred when

police responded to a 911 call involving defendant's reported

drug overdose.  On appeal, the Commonwealth contends the trial

court erroneously suppressed the evidence because the deputies'

warrantless entry of defendant's house was lawful and, even if

it was not, the evidence subsequently discovered resulted from a

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

valid search warrant obtained independently of any illegal entry. For the reasons that follow, we reverse the trial court's granting of defendant's suppression motion and remand to the trial court for further proceedings consistent with this opinion.[1]

At a hearing on a defendant's motion to suppress, the Commonwealth has the burden of proving that a warrantless search or seizure did not violate the defendant's Fourth Amendment rights. See Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989). On appeal, we view the evidence in the light most favorable to the prevailing party, here the defendant, granting to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing

---

[1] After granting the motion to suppress, the trial court dismissed the indictment. However, it lacked authority to dismiss at that time. See Code § 19.2-398 (permitting Commonwealth to petition this Court for appeal of "[a]n order of a circuit court prohibiting the use of certain evidence at trial on the grounds such evidence was obtained in violation of [certain constitutional] provisions prohibiting illegal searches and seizures and protecting rights against self-incrimination, provided the Commonwealth certifies the evidence is essential to the prosecution").

*Ornelas v. United States*, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996)). However, we review de novo the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case. See *Ornelas*, 517 U.S. at 699, 116 S. Ct. at 1663.

The Fourth Amendment protects people from unreasonable searches and seizures. U.S. Const. amend. IV. "[T]he Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." See *Payton v. New York*, 445 U.S. 573, 590, 100 S. Ct. 1371, 1382, 63 L. Ed. 2d 639 (1980).

The "exclusionary rule" prevents evidence obtained in violation of one's Fourth Amendment rights from being admitted into evidence against him in a criminal prosecution. See *Commonwealth v. Ealy*, 12 Va. App. 744, 750, 407 S.E.2d 681, 685 (1991). The purpose of the exclusionary rule is "'to deter police misconduct.'" *Johnson v. Commonwealth*, 21 Va. App. 172, 175, 462 S.E.2d 907, 909 (1995) (citation omitted). Therefore, the rule does not apply unless the evidence sought to be excluded was "'discovered as a result of a warrantless crossing [into the place searched].'" Id. at 752, 407 S.E.2d at 686 (quoting *Reynolds v. Commonwealth*, 9 Va. App. 430, 435-36, 388 S.E.2d 659, 663 (1990)).

Generally, the exclusionary rule bars the admission of "evidence seized and information acquired during an unlawful

search or seizure [and] also . . . derivative evidence discovered because of the unlawful act." Warlick v. Commonwealth, 215 Va. 263, 265, 208 S.E.2d 746, 748 (1974). In determining whether the evidence is derivative and therefore barred as "fruit of the poisonous tree," the question is "'whether[,] granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" Wong Sun v. United States, 371 U.S. 471, 488, 83 S. Ct. 407, 417, 9 L. Ed. 2d 441 (1963) (citation omitted). Evidence is obtained by means "sufficiently distinguishable" to be admissible despite illegality if it is "evidence attributed to an independent source" or "evidence where the connection has become so attenuated as to dissipate the taint." Warlick, 215 Va. at 266, 208 S.E.2d at 748.

> [These] limitations share the same rationale
> and are commonly applied together. For
> example, a search warrant . . . obtained
> subsequent to an unlawful search may be an
> independent source if such warrant . . . is
> not obtained by exploitation of the unlawful
> search or is so attenuated as to dissipate
> the taint of the unlawful search.

Ealy, 12 Va. App. at 755, 407 S.E.2d at 688. Where the illegal activity of the police did not lead to discovery of evidence a party seeks to exclude, the exclusion of that evidence does not meet the purpose of the exclusionary rule, which is to deter

- 4 -

future unlawful police conduct.  See Johnson, 21 Va. App. at 175, 462 S.E.2d at 909.

Assuming without deciding that the deputies' entry of defendant's home after defendant had left the house by ambulance and prior to issuance of the search warrant violated the Fourth Amendment, no legally significant nexus exists between the initial warrantless entry and the subsequent entry pursuant to the valid search warrant.[2]  The deputies conducted no formal search at the time of the first entry, and the entry yielded no tangible evidence used to obtain the warrant.  Although defendant's girlfriend, Erica Woodall, told the deputies while inside the residence with them that she and defendant had used cocaine in the residence earlier in the day, information which was included in the affidavit supporting the search warrant, no evidence exists that the deputies' entry or Woodall's presence in the home had any causal connection to her giving the deputies this information.

Any nexus was temporal only.  While still outside the residence, Woodall confirmed to the deputies that defendant had been using cocaine that day.  While still outside, the deputies told Woodall she could not accompany defendant to the hospital and made clear their intention to question her about the circumstances surrounding defendant's purported cocaine

---

[2] Defendant posed no separate challenge to the validity of the warrant.

overdose.  Finally, the record contains no indication that the location of the questioning had any impact on the information Woodall provided.  The questioning of Woodall inside the house did not amount to an exploitation of the unlawful entry.  Therefore, excluding evidence found pursuant to the search warrant in the absence of evidence of a nexus between the alleged illegal entry and issuance of the warrant would not achieve the purpose of deterring future police misconduct.  Accordingly, the connection between the initial entry and Woodall's statements while inside was sufficiently "attenuated as to dissipate the taint" and, in essence, resulted from an independent source.[3]

---

[3] We reject defendant's contention that Rule 5A:18 prevents the Commonwealth from raising this argument on appeal.  Under that rule, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  However, as long as the issue was properly preserved, an appellate court shall decide the issue according to controlling legal principles.  See, e.g., Lash v. County of Henrico, 14 Va. App. 926, 929, 421 S.E.2d 851, 853 (1992) (en banc).

Here, the Commonwealth argued to the trial court that the evidence supporting issuance of the warrant came from the 911 call and the statements of Woodall rather than from any information gained from their entry into defendant's residence and that the officers obtained the warrant before conducting the search which yielded the cocaine.  Therefore, the Commonwealth's argument at trial preserved for appeal its argument that the cocaine was discovered pursuant to an independent source and that any taint resulting from the entry dissipated prior to discovery of the cocaine.

For these reasons, we hold that the cocaine defendant was charged with possessing was not seized in violation of the Fourth Amendment.  Therefore, we reverse the ruling of the trial court and remand for a reinstatement of the charge and further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>