COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judge Russell and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


MAURICE DONTRELL BOYKINS

                                      MEMORANDUM OPINION* BY
v.      Record No. 0972-15-1           CHIEF JUDGE GLEN A. HUFF
                                          MAY 17, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
L. Wayne Farmer, Judge[1]

Gregory K. Matthews (Gregory K. Matthews, PC, on brief), for
appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Maurice Dontrell Boykins ("appellant") appeals his conviction of possession of heroin, in

violation of Code § 18.2-250.  Following a jury trial in the Circuit Court of the City of Suffolk

("trial court"), appellant was sentenced to six years and six months of incarceration.  On appeal,

appellant challenges the denial of his motion to suppress which was based on three assignments

of error:

> 1.  The trial court erred when it ruled that the police stop of the car
>     in which [appellant] had been a passenger because of a faulty
>     license-tag light was valid.
> 2.  The trial court erred when it ruled under these circumstances
>     that the police officer could detain a passenger at a traffic stop.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Farmer presided over the sentencing hearing; Judge Carl E. Eason, Jr. presided
over the motion to suppress hearing.

> 3. The trial court erred when it ruled that the officer's use of a
> taser in his seizure of [appellant] was reasonable.

For the following reasons, this Court affirms appellant's conviction.

## I. BACKGROUND

"When reviewing a denial of a motion to suppress evidence, an appellate court considers the evidence in the light most favorable to the Commonwealth and will accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence." Branham v. Commonwealth, 283 Va. 273, 279, 720 S.E.2d 74, 77 (2012). So viewed, the evidence is as follows.

On October 22, 2012, Officer A. Diggs ("Diggs") of the Suffolk Police Department observed a white Toyota Camry with its left license plate light out. Perceiving a possible violation of Code § 46.2-1013,[2] Diggs initiated a traffic stop of the vehicle but when the vehicle stopped, the passenger, appellant, exited the vehicle and began walking away. Diggs instructed appellant at least three times to return to the vehicle, which appellant ignored. Instead, appellant opened the front door to a nearby house and proceeded to enter. At that moment, Diggs deployed his Taser, which hit appellant in the back. Diggs testified that he used his Taser on appellant because he was concerned about where the passenger was going, who the driver was, and whether the passenger was entering the house to retrieve a weapon.

---

[2] Code § 46.2-1013 provides as follows:

> Every motor vehicle . . . shall carry at the rear . . . [s]uch tail
> lights . . . so mounted in their relation to the rear license plate as to
> illuminate the license plate with a white light so that the same may
> be read from a distance of 50 feet to the rear of such vehicle.
> Alternatively, a separate white light shall be so mounted as to
> illuminate the rear license plate from a distance of 50 feet to the
> rear of such vehicle.

When struck by the Taser, appellant fell into the living room of the house, then got up and went towards a back bedroom of the house. Appellant later exited the residence, and Diggs placed him under arrest for obstruction of justice. During the search incident to arrest, Diggs recovered marijuana from appellant's pants pocket along with two bags of a "white powdery substance" later determined to be heroin. At some point during these events, the driver fled the scene.

Appellant was subsequently charged with possession of heroin and filed a motion to suppress. The trial court denied the motion finding that Diggs had reasonable suspicion to stop the vehicle, that Diggs had the right to command appellant to remain at the vehicle, and finally, that the use of the Taser was reasonable under the circumstances. This appeal followed.

## II. STANDARD OF REVIEW

"'We are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them,' but we review *de novo* the trial court's application of legal standards . . . to the particular facts of the case." McCracken v. Commonwealth, 39 Va. App. 254, 258, 572 S.E.2d 493, 495 (2002) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*)). "We give deference to the circuit court's factual findings and inferences drawn from those facts, but independently determine whether the manner in which the evidence was obtained satisfies the Fourth Amendment." Jones v. Commonwealth, 279 Va. 521, 527, 690 S.E.2d 95, 99 (2010). "Further, 'in reviewing a trial court's denial of a motion to suppress, the burden is upon [the appellant] to show that the ruling . . . constituted reversible error.'" Aldridge v. Commonwealth, 44 Va. App. 618, 638, 606 S.E.2d 539, 549 (2004) (quoting McGee, 25 Va. App. at 197, 487 S.E.2d at 261).

III.  ANALYSIS

Appellant's assignments of error seek application of the exclusionary rule to suppress the heroin that was recovered incident to his arrest because he alleges that certain seizures that occurred prior to his arrest were illegal.  The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  Even so, the occurrence of a Fourth Amendment violation does not automatically exclude all evidence that is recovered

> simply because it would not have come to light but for the illegal actions of the police.  Rather, the more apt question in such a case is "whether . . . the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."

Fitchett v. Commonwealth, 56 Va. App. 741, 746, 697 S.E.2d 28, 31 (2010) (quoting Wong Sun v. United States, 371 U.S. 471, 487-88 (1963)).  "Evidence is obtained by means 'sufficiently distinguishable' if it is 'evidence attributed to an independent source' or 'evidence where the connection has become so attenuated as to dissipate the taint.'"  Id. (quoting Warlick v. Commonwealth, 215 Va. 263, 266, 208 S.E.2d 746, 748 (1974)).  In other words,

> [s]ince "the purpose of the exclusionary rule [i]s to deter police misconduct," Johnson v. Commonwealth, 21 Va. App. 172, 175, 462 S.E.2d 907, 909 (1995), the remedy of excluding illegally obtained evidence is available *only when the evidence is "obtained either during or as a direct result" of the illegal search or seizure*, Wong Sun, 371 U.S. at 485.

Id. at 747, 697 S.E.2d at 31 (emphasis added).

Therefore, in Fitchett, this Court held that a handgun that fell out of the defendant's pants would not be suppressed because its recovery was not a product of the allegedly unlawful seizure of the defendant.  Id. at 749, 697 S.E.2d at 32.  In Fitchett, an officer stopped the defendant to investigate a possible open container of alcohol violation but when he attempted to pat down the

defendant for weapons, the defendant ran and while running a gun fell out of the defendant's waistband. Id. at 743-44, 697 S.E.2d at 30. This Court rejected the defendant's argument that the handgun should be suppressed because of the illegal attempt to frisk the defendant. Id. at 743, 744, 697 S.E.2d at 29, 30. Significant to this Court's analysis was the fact that at the time the handgun was discovered, the defendant had "ceased submitting to [the officer's] authority" and therefore the evidence was not "first discovered during [the officer's] seizure of [the defendant]." Id. at 748, 697 S.E.2d at 32. Considering the purpose of the exclusionary rule, this Court reasoned that the evidence should not be excluded because its discovery did not result from "the 'foreseeable consequence[] of the police's illegal conduct.'" Id. (alteration in original) (quoting Arizona v. Washington, 585 P.2d 249, 253 (Ariz. Ct. App. 1978)). "Put another way, [the officer's] discovery of the handgun was not a direct result of his seizure of [the defendant], but rather was the result of [the defendant] accidentally tripping and falling while he fled from the officer." Id. (citing California v. Hodari D., 499 U.S. 621, 625 (1991) ("If, for example, [the officer] had laid his hands upon Hodari to arrest him, but Hodari had broken away and had then cast away the cocaine, it would hardly be realistic to say that that disclosure had been made during the course of an arrest.")).

Even more plainly, in this case, Diggs's recovery of the heroin from appellant did not occur "during or as a direct result" of any allegedly unlawful seizures and is therefore not subject to suppression. Even assuming the traffic stop and use of the Taser to be unlawful seizures[3] as

---

[3] "[T]here is no seizure without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned," Brendlin, 551 U.S. at 254, and "neither usage nor common-law tradition makes an *attempted* seizure a seizure," Hodari D., 499 U.S. at 626 n.2. Although this opinion assumes for clarity of the analysis that the traffic stop and Taser were seizures, under these facts, appellant does not appear to have been seized by the traffic stop, see Brendlin v. California, 551 U.S. 249, 262 (2007) (explaining that "what may amount to submission depends on what a person was doing before the show of authority;" therefore, in the case of a traffic stop, a passenger may "submit by staying inside the vehicle"),

appellant contends, no evidence was recovered as a product of either. Instead, the discovery of the heroin occurred during the search incident to the arrest of appellant for obstruction of justice. Appellant does not challenge that arrest. Thus, the heroin recovered during the search incident to the unchallenged arrest cannot be suppressed. Therefore, this Court finds no error in the trial court's denial of appellant's suppression motion and, accordingly, affirms the ruling of the trial court.

## IV.  CONCLUSION

For the foregoing reasons, this Court affirms the trial court's denial of appellant's motion to suppress.

<u>Affirmed.</u>

---

and even if appellant was briefly seized by the Taser, he had "ceased submitting to [that] authority," <u>Fitchett</u>, 56 Va. App. at 748, 697 S.E.2d at 32, well before he was arrested.