COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


DAVID DONNELL WILLIAMS, S/K/A
 DAVID D. WILLIAMS, SR.
                                        OPINION BY
v.          Record No. 2912-96-1    JUDGE RICHARD S. BRAY
                                       FEBRUARY 17, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Everett A. Martin, Jr., Judge

            James O. Broccoletti (Zoby & Broccoletti,
            P.C., on brief), for appellant.

            Michael T. Judge, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.


     David Donnell Williams (defendant) was convicted in the

trial court for possession of a firearm by a felon in violation

of Code § 18.2-308.2.  Defendant complains on appeal that the

trial court erroneously declined to suppress evidence seized

during the execution of a search warrant at his residence.

Defendant argues that the affidavit given in support of the

warrant was tainted both by a material omission and with

information obtained unconstitutionally by the affiant, requiring

suppression of all evidence seized during the attendant search.

Finding no error, we affirm the conviction.

                              I.

     In reviewing a trial court's ruling on a suppression motion,

we consider the evidence in the "light most favorable to . . .

the prevailing party below," the Commonwealth in this instance,

and the factual findings of the trial judge will be disturbed only if plainly wrong. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). Our consideration of the record includes evidence adduced at both the trial and the suppression hearing, if any. DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 542-43 (1987). However, "as a general matter, determinations of . . . probable cause should be reviewed de novo on appeal," with deference to a trial court's finding of "historical fact." Ornelas v. United States, 116 S. Ct. 1657, 1663 (1996). To prevail on appeal, the defendant must "show . . . that the denial of [his] motion . . . constitute[d] reversible error." Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).

## II.

On July 1, 1994, Norfolk Humane Officers Jody Shoulders and Mark Kumpf visited defendant's residence to investigate an "[animal] cruelty complaint." In defendant's absence, his wife admitted the officers to the home and adjoining, fenced rear yard, where they observed four adult pit bull dogs "[o]n very, very heavy chains," a pit bull puppy confined in a "kennel carrier," "quite a bit . . . of feces," and "no water." Inside the residence, Shoulders noticed items "consistent with individuals engaged in breeding and fighting pit bull dogs for sport," including "injectable materials," a periodical entitled "Game Dog Times," and canine pedigree documents. Because

- 2 -

defendant's wife was unable to locate vaccination certificates or city licenses for the dogs, and none were found among city records, Shoulders left a notice with defendant's wife, directing that he contact Shoulders concerning licensure and care of the animals.

When defendant failed to respond to the notice, Shoulders resumed her investigation in January, 1995, learned that no dogs had been licensed to defendant's residence following the July, 1994 visit, and returned to defendant's home on the morning of January 31, 1995. On arrival, Shoulders noticed a car in the driveway, and, while standing on the public sidewalk, saw "things moving through the slats of the [back yard] fence." The odor of animal waste and a cacophony of "multiple dogs barking" emanating from the rear of the house were also detectable from the sidewalk. Receiving no answer to her knock at defendant's front door, Shoulders "stepped off the front porch . . . [and] went down a very short driveway to the fence to see what the animals were barking about, if they were okay and [if] someone was possibly in the back yard." The "driveway area" was an "open space," with no signs warning away trespassers, which afforded an unobstructed view from the sidewalk to the fence. Shoulders called, "hello, hello," but heard no response above the din of "six Pit Bulls barking all at once." The rear yard was visible to Shoulders through "large spaces between the [fence] slats," and she saw "six dogs . . . chained to different

structures[,] . . . no water . . . [,] and quite a bit of fecal matter."

Based upon her observations, Shoulders immediately obtained a warrant to search defendant's "residential dwelling, its curtilage and its environs" for evidence of violations of several city ordinances.  The following "material facts constituting probable cause" were set forth in the attendant affidavit:

> On January 31, 1995, your affiant went to 2136 Ballentine Boulevard, Norfolk, VA 23509, at approximately 11:15 a.m.  I observed six (6) adult dogs in the back yard on heavy chains.  No food or water was visible for the animals.  A check of 1994 and 1995 city licenses showed no licenses on file for thqat [sic] address.  On July 1, 1994, your affiant investigated a cruelty complaint at 2136 Ballentine Boulevard, Norfolk, VA 23509.  Your affiant was given consent to examine the four (4) pitbulls and one (1) pitbull puppy on the property.  While on the property, your affiant observed a bottle labeled injectable Vitamin E and other unlabeled bottled injectable substances. . . .  Your affiant also observed several periodicals including "Game Dog Times."  In theis [sic] officer's experience, such documents and medications are consistent with individuals engaged in breeding and fighting pitbull dogs for sport.
>    A check of DMV files for Virginia ICE MAN1, showed vehicle registration to David D. Williams at 2316 Ballentine Blvd., Norfolk, VA 23509.  A check of Norfolk tracer indicated previous arrests for use of a firearm in the commission of a felony, carrying concealed weapons, etc.[1]

---

[1]The affidavit referenced the following violations of the Norfolk City Code:  "[m]aintaining more than four dogs" in violation of Code § 6-5(d); "[f]ailure to vaccinate for rabies" in violation of Code § 6-102; "[f]ailure to pay city dog license tax," in violation of Code § 6-79; and "[f]ailure to provide the duties of ownership" in violation of Code § 6-11.

- 4 -

Shoulders, accompanied by several officers, executed the search warrant on the afternoon of January 31, 1995, and discovered the offending firearm, together with evidence of numerous other crimes not in issue.

III.

Defendant first argues that the "primary basis in the affidavit sworn to by Officer Shoulders" in support of probable cause for the search warrant "was information she observed on January 31, 1995 while trespassing onto" defendant's property. He maintains that Shoulders' failure to advise the magistrate that she saw the "six pit bulls" while unconstitutionally invading the curtilage of his residence and gazing through his "privacy fence" constituted a "material omission . . . made in reckless disregard for the truth . . . ."[2] Relying upon Franks v. Delaware, 438 U.S. 154 (1978), defendant reasons that such "tainted information in the affidavit" must be "set aside," leaving the warrant without the requisite probable cause.

In Franks, the Supreme Court of the United States instructed that

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that

---

[2]The trial judge concluded that the "enclosed back yard and side yard were within the curtilage."

> at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

Id. at 155-56, see also West v. Commonwealth, 16 Va. App. 679, 689, 432 S.E.2d 730, 736-37 (1993). For purposes of this appeal, we treat the hearing on defendant's motion to suppress as a Franks hearing, despite the absence of "any preliminary showing" by defendant of police misconduct. West, 16 Va. App. at 689, 432 S.E.2d at 737 (emphasis added).

Defendant correctly asserts that "Franks protects against omissions that are designed to mislead, or that are made in reckless disregard of whether they would mislead, the magistrate . . .[;] [however,] 'mere negligen[ce] in . . . recording the facts relevant to a probable-cause determination' is not enough." United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990) (quoting Franks, 438 U.S. at 171); see West, 16 Va. App. at 689-90, 432 S.E.2d at 437. Thus, to prevail in a Franks challenge, an accused must allege and prove "more than [an] 'intentional' omission." Colkley, 899 F.2d at 301. This principle is consistent with the remedial purpose of the exclusionary rule, "to deter police misconduct by denying illegally obtained evidence from being admitted in [a] defendant's criminal trial." Johnson v. Commonwealth, 21 Va.

App. 172, 175, 462 S.E.2d 907, 909 (1995) (emphasis added).

Here, defendant offered no evidence that established either a design to deceive the magistrate or recklessness in Shoulders' omission of "material" information from the affidavit, and nothing in the record suggests such misconduct. Accordingly, in denying defendant's motion to suppress, the trial court concluded that "the officer neither intentionally nor recklessly misled the magistrate," a factual finding supported by the record and which renders defendant's Franks claim meritless. See West, 16 Va. App. at 689, 432 S.E.2d at 737; Moats v. Commonwealth, 12 Va. App. 349, 355, 404 S.E.2d 244, 247 (1991).

IV.

Defendant next urges that, irrespective of Franks, the disputed search was dependent upon the authority of a warrant supported by an affidavit "tainted by the prior illegal entry onto defendant's property," a circumstance requiring suppression of the resulting evidence as "fruit of the poisonous tree." See Commonwealth v. Ealy, 12 Va. App. 744, 754-55, 407 S.E.2d 681, 688 (1991). Defendant acknowledges on brief that Shoulders "lawfully obtained" information that dogs were present at the residence "from their barking and . . . odor," conditions "observable" from the public sidewalk, without invading the curtilage. Hence, his challenge embraces only that information gathered from Shoulders' view of the dogs through the fence.

It is well established that "[t]he inclusion of tainted

evidence does not invalidate a search warrant," United States v. Wright, 991 F.2d 1182, 1186 (4th Cir. 1993) (citing United States v. Whitehorn, 813 F.2d 646, 649 (4th Cir. 1987)), and suppression is not required "if, excluding the illegally obtained information, probable cause for the issuance of the warrant could still be found." United States v. Apple, 915 F.2d 899, 910 (4th Cir. 1990); United States v. Gillenwaters, 890 F.2d 679, 681 (4th Cir. 1989); see also United States v. Hawkins, 788 F.2d 200, 203-04 (4th Cir. 1986) (court properly deleted challenged wiretap information from the affidavit before making a probable cause determination); cf. Derr v. Commonwealth, 6 Va. App. 215, 221-22, 368 S.E.2d 916, 919 (1988) (in assessing probable cause to conduct a warrantless search under the "automobile exception," evidence properly obtained is admitted, while evidence resulting from an unconstitutional search is suppressed).

Thus, if we adopt defendant's argument, any taint in Shoulders' affidavit is cured by the following redactions: "I observed ~~six (6) adult~~ dogs in the back yard ~~on heavy chains. No food or water was visible for the animals.~~" The remainder of the affidavit then recites that Shoulders visited defendant's home on the morning of January 31, 1995, and "observed . . . dogs in the back yard" of a residence to which no dog licenses were of record with the city. Such circumstances, together with the information gathered on July 1, 1994, also set forth in the affidavit, clearly provided probable cause to believe that dogs were present

on the premises in violation of City Code §§ 6-11 and 6-79.  <u>See</u> <u>Gwinn v. Commonwealth</u>, 16 Va. App. 972, 975-76, 434 S.E.2d 901, 904 (1993).[3]  Accordingly, we find no error in admitting the disputed evidence and affirm the conviction.

<u>Affirmed.</u>

---

[3]"In dealing with probable cause . . . as the very name implies, we deal with probabilities.  These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act . . . .  The process does not deal with hard certainties, but with probabilities." <u>Boyd v. Commonwealth</u>, 12 Va. App. 179, 186-87, 402 S.E.2d 914, 919 (1991) (quoting <u>Illinois v. Gates</u>, 462 U.S. 213, 231-32 (1983)).