COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                    MEMORANDUM OPINION* BY
v.    Record No. 1150-00-3           JUDGE LARRY G. ELDER
                                       SEPTEMBER 26, 2000
HAROLD WAYNE HUFFMAN


           FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                 B. A. Davis, III, Judge Designate

           Shelly R. James, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellant.

           Jesse W. Meadows, III, for appellee.


     Harold Wayne Huffman (defendant) stands indicted for

possessing a firearm after having been convicted of a felony.

The Commonwealth appeals a pretrial ruling granting defendant's

motion to suppress all evidence seized pursuant to a search

warrant on the ground that the warrant was invalid because it

was not based on the personal knowledge of the affiant.  On

appeal, the Commonwealth contends the trial court erroneously

suppressed the evidence because the warrant was based on

probable cause and, even if it was not, the officer executing

the warrant acted in good faith.  We hold, based on the trial

court's findings of fact, that the search was valid because the

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

affiant deputy did not make the incorrect statement knowingly and intentionally or with a reckless disregard for the truth. Therefore, we reverse the trial court's suppression of the evidence and remand for further proceedings consistent with this opinion.

I.

BACKGROUND

On October 1, 1999, Corporal Suzanne Divine, a deputy with the Pittsylvania County Sheriff's Department, saw defendant, her next-door neighbor, firing a shotgun or rifle in his yard for about thirty minutes. About a week earlier, Divine had been involved in serving some outstanding warrants on defendant, and she thought, based on her involvement in that process, that defendant had a prior felony conviction. As a result, she called her dispatcher and had him run a criminal history. "The dispatcher advised [her] reading from the criminal history while [she] was on the phone with him that [defendant] had been convicted of" at least one prior felony, and Divine thought she recalled being told he had three prior felony convictions. Divine testified that this method of obtaining information about a person's prior convictions was "standard procedure."

Based on this information, Divine prepared an affidavit and requested a search warrant. The affidavit described the offense as a "violation of [Code §] 18.2-308.2" and represented that "[defendant] has prior felony convictions and was standing in

-

his backyard shooting a gun on [10-01-99] from approx[imately] 1850 pm until 1920 pm." The affidavit also indicated that Divine became aware of the incident when she heard shots fired and went outside, where she observed defendant firing a shotgun or rifle as she described. In section 6 of the affidavit, Divine had the choice of indicating that she "[had] personal knowledge of the facts set forth in this affidavit OR [that she] was advised of the facts . . . in whole or in part by an informer[, whose] credibility or . . . reliability of . . . information may be determined from the following facts." She checked the first box, indicating personal knowledge of the facts contained in the affidavit. The magistrate issued the warrant, pursuant to which officers seized seven different firearms.

Defendant moved to suppress the fruits of the search, contending the warrant was invalid because it was issued without probable cause. At the hearing on the motion to suppress, Divine testified in keeping with the above. The trial court questioned whether Divine could rely on the information she obtained from the dispatcher without verifying the convictions by obtaining conviction orders. It noted that the warrant represented Divine had personal knowledge of its contents but that her testimony indicated the information about defendant's prior convictions was actually hearsay from the dispatcher. The court then continued the matter to allow the parties to submit

-

legal memoranda on the issue.  Additional information received by the court indicated that not all dispatchers were employees of the sheriff's department, and nothing in the record established whether they were employees of any branch of law enforcement.  Defendant argued, based on this lack of proof, that Divine was not entitled to rely on the dispatcher's representations about defendant's prior convictions.

At a subsequent hearing on the motion, the trial court found Divine did not have personal knowledge of defendant's prior felony convictions but agreed with the Commonwealth's attorney's representation that Divine did not "in any way intentionally mis[lead] the Court," responding, "Oh, I'm sure of that."  The court then ruled the search invalid without further elaboration.

## II.

### ANALYSIS

At a hearing on a defendant's motion to suppress evidence seized pursuant to a judicially sanctioned warrant, the warrant is presumed valid, and the accused bears the burden of proving the warrant is illegal or invalid.  See Lebedun v. Commonwealth, 27 Va. App. 697, 711, 501 S.E.2d 427, 434 (1998).  On appeal, we view the evidence in the light most favorable to the party prevailing below, here the defendant, granting him all reasonable inferences fairly deducible therefrom.  See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d

-

47, 48 (1991); see also Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1659, 134 L. Ed. 2d 911 (1996). We review de novo the trial court's application of defined legal standards such as probable cause to the particular facts of the case. See Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996); see also Ornelas, 517 U.S. at 699, 116 S. Ct. at 1659.

Per the United States Supreme Court's holding in Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), a "presumption of validity [accompanies an] affidavit supporting [a] search warrant." Id. at 171, 98 S. Ct. at 2684. A defendant may challenge the validity of a warrant by making "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit."[1] Id. at

---

[1] Under Franks,

> if the allegedly false statement is necessary to a finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

-

155-56, 98 S. Ct. at 2676.  The supporting affidavit "'is to be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true,'" keeping in mind that "'probable cause may be founded upon hearsay and upon information received from informants, as well as information within the affiant's own knowledge that sometimes must be garnered hastily.'"  Id. at 165, 98 S. Ct. at 2681 (quoting United States v. Halsey, 257 F. Supp. 1002, 1005 (S.D.N.Y. 1966), aff'd, No. 31369 (2d Cir. June 12, 1967)). "Allegations of negligence or innocent mistake are insufficient" to require a Franks hearing or invalidate a warrant.  Id. at 171, 98 S. Ct. at 2684.  "[W]here police have been merely negligent in checking or recording the facts relevant to a probable-cause determination," no violation has occurred, and no Franks hearing is required.  Id. at 170, 98 S. Ct. at 2683.

These standards are in keeping with the principle that "the Fourth Amendment 'probable cause' test requires not absolute certainty but only that the government have good reason for believing in the existence of the necessary facts."  2 Wayne R. LaFave, Jerold H. Israel & Nancy J. King, Criminal Procedure § 3.4(d), at 129 (2d ed. 1999).  They also are "consistent with the remedial purpose of the exclusionary rule, 'to deter police

---

Id. at 155-56, 98 S. Ct. at 2676.  Because we hold the inclusion of the incorrect material did not result from perjury or reckless disregard, we do not consider whether the affidavit's remaining content was sufficient to establish probable cause.

-

misconduct by [preventing] illegally obtained evidence from being admitted in [a] defendant's criminal trial.'" Williams v. Commonwealth, 26 Va. App. 612, 618, 496 S.E.2d 113, 116 (1998) (quoting Johnson v. Commonwealth, 21 Va. App. 172, 175, 462 S.E.2d 907, 909 (1995) (emphasis added)).

As we have done in numerous prior cases, "we treat the hearing on defendant's motion to suppress as a Franks hearing, despite the absence of 'any preliminary showing' by defendant of police misconduct" in this case. Id. at 617, 496 S.E.2d at 115 (quoting West v. Commonwealth, 16 Va. App. 679, 689, 432 S.E.2d 730, 737 (1993) (emphasis added)).

Under the Franks standard, the evidence here is insufficient to support the trial court's granting of defendant's motion to suppress. The trial court found the affidavit contained incorrect information in that Deputy Divine did not have first-hand knowledge of defendant's prior felony convictions. Deputy Divine admitted as much at the suppression hearing.[2] However, no evidence established that Divine included

---

[2] In other contexts, law enforcement officers are allowed to rely on hearsay information received from other law enforcement officers as if the information were within their personal knowledge. See, e.g., Code § 19.2-81 (requiring that officer arresting individual for misdemeanor offense must have observed the offense being committed but providing certain exceptions, including one which permits officer to arrest individual for misdemeanor offense committed outside the officer's presence if the officer receives a radio message from his department or other Virginia law enforcement agency that a warrant for that offense is on file). These principles do not, however, support a determination that Deputy Divine's information concerning

-

this information in the affidavit either knowingly and intentionally or with a reckless disregard for the truth, as is required for exclusion under Franks. The trial court specifically found Divine did not act with an intent to mislead, and no evidence supports a finding that she acted recklessly. Rather, the evidence established no more than a "negligent . . . recording [of] the facts relevant to a probable-cause determination," which is insufficient to support invalidation of the warrant. Franks, 438 U.S. at 170, 98 S. Ct. at 2683.

Divine did not directly represent that she had personal or first-hand knowledge of defendant's prior felony convictions. This interpretation comes from reading the first and last sections of the warrant together. In paragraph 1, which required the affiant to describe the offense for which the warrant was sought, Divine indicated, "Violation of 18.2-308.2--accused has prior felony convictions and was standing in his backyard shooting a gun . . . ." Paragraph 6 of

defendant's prior convictions was based on personal knowledge rather than hearsay, however reliable that hearsay information may have been. See also Penn v. Commonwealth, 13 Va. App. 399, 402-06, 412 S.E.2d 189, 190-93 (1991) (rejecting theory that information relayed by police officer who observes individual commit misdemeanor to second officer who did not observe commission of offense is sufficient under Code § 19.2-81 to permit second officer to effect arrest because "'police team' approach of 'combin[ing] [officers'] collective perceptions'. . . is inconsistent with the prior holdings of the Supreme Court and this Court and the plain meaning of Code § 19.2-81" (quoting People v. Dixon, 222 N.W.2d 749, 751 (Mich. 1979))).

-

the affidavit required Divine to choose between indicating that she had "personal knowledge of the facts set forth in [the] affidavit" or that she was "advised of the facts . . . , in whole or in part, by an informer," whose credibility or reliability was based on facts enumerated in the affidavit by the affiant.  We hold, as a matter of law, that one does not act with reckless disregard for the truth in representing, in such an indirect fashion, that information about a suspect's criminal history received from one's dispatcher in the ordinary course of one's law enforcement duties is information more akin to "personal knowledge" than it is to information received from "an informer."  Such a representation amounts, at most, to a "negligent . . . recording [of] the facts relevant to a probable-cause determination."  Id.

For these reasons, we hold the evidence was insufficient as a matter of law to establish a misrepresentation which was made knowingly and intentionally or with reckless disregard for the truth.  Therefore, we reverse the trial court's suppression of the evidence on this ground and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

-