COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


HENRY MILIAN, S/K/A
  HENRY LEE MILIAN

                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2003-07-1                           JUDGE WILLIAM G. PETTY
                                                              SEPTEMBER 23, 2008

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                              Carl E. Eason, Jr., Judge

               Steven M. Oser (Law Office of Steven M. Oser, on brief), for
               appellant.

               Rosemary V. Bourne, Assistant Attorney General (Robert F.
               McDonnell, Attorney General, on brief), for appellee.


        Appellant, Henry Lee Milian, was convicted of possessing cocaine with the intent to

distribute, in violation of Code § 18.2-248, pursuant to a conditional guilty plea.  He now appeals

his conviction, arguing that the trial court erred in denying his "motion to suppress evidence derived

from a search warrant obtained in violation of <u>Franks v. Delaware</u>." [1]  We disagree and affirm his

conviction.

                                              I.

        On May 7, 2007, Sergeant Kenneth Barham met with Timothy Hobbs at the Franklin Police

Department.  Hobbs stated that he had given Henry Milian $2,400 because Milian said he could

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Milian also raises the issue of "the reliability of the informer" and argues that the
warrant was defective because the police officer did not "set forth facts establishing the
reliability of the informer" in the affidavit.  We decline to address this issue because it is not
included in Milian's question presented.  <u>See</u> Rule 5A:12(c).

help Hobbs get a mortgage for a house. When the mortgage was not forthcoming, Hobbs asked Milian for a refund, and Milian told him that he had spent the money, but he would pay Hobbs back. After Milian failed to pay him back, Hobbs obtained a civil judgment against Milian. Concerned that he would not get his money if Milian went to jail, Hobbs declined to file a complaint with the police.

Barham was aware of an active investigation of Milian involving other complaints of mortgage fraud. Therefore, despite Hobbs' disinclination to prosecute, the sergeant obtained a search warrant to search Milian's house[2] for business records supporting a charge of obtaining money by false pretenses. The affidavit Sergeant Barham gave to the magistrate contained the following information:

> In the month of August, 2003, Hobbs was approached by Henry Milian because Mr. Hobbs was attempting to buy a house. Mr. Milian advised Mr. Hobbs that he could get Mr. Hobbs approved for a cheap mortgage payment. Mr. Milian advised Mr. Hobbs that he needed $4,500.00 to get the mortgage. Mr. Hobbs gave the defendant $2,400.00 to process the loan for Mr. Hobbs. The defendant did not get a mortgage for Mr. Hobbs and did not return the $2,400.00.

During the suppression hearing, Hobbs testified that he had not initiated contact with the police, but had gone to the police station after police had contacted him. However, Hobbs confirmed that the facts in the affidavit accurately reflected what he had told Sergeant Barham. Hobbs also confirmed that he told Sergeant Barham that he did not want to prosecute Milian because he would not get his money back if Milian were in jail. Sergeant Barham testified during the suppression hearing as well. The sergeant stated that he did not initiate contact with Hobbs and that Hobbs simply "walk[ed] in" to make his complaint. However, Sergeant Barham did not know

---

[2] Upon searching the house, the police found a quantity of cocaine and drug paraphernalia that led to the possession with the intent to distribute charge for which Milian was eventually convicted.

whether someone else from the police department had called Hobbs for an interview. Sergeant Barham denied lying or falsifying any of the allegations in the affidavit.

At the conclusion of the hearing, the trial court made numerous factual findings. First, the court stated that it believed someone from the police department had contacted Mr. Hobbs regarding Milian, but that this fact was not material to the Franks analysis. The trial court went on to find that the allegations in the affidavit were factually accurate and that the record disclosed neither an "omission of facts" nor an "intentional disregard" for the truth on the sergeant's part.

## II.

Milian argues that the trial court should have granted his motion to suppress evidence recovered from his home during the execution of a search warrant because the affidavit supporting the warrant contained falsehoods and statements made with reckless disregard for the truth. Because we conclude that the trial court's decision was neither plainly wrong nor unsupported by the record in this case, we affirm.

An accused may attack a search warrant based upon the veracity of the underlying affidavit. "[I]f the magistrate [who issued] a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth" suppression of the evidence seized under that warrant is "an appropriate remedy." United States v. Leon, 468 U.S. 897, 923 (1984). The United States Supreme Court set forth the standard for such a challenge in Franks v. Delaware, 438 U.S. 154, 155-56 (1978).[3] In Franks the

_____

[3] In Franks, 438 U.S. at 155-56, the United States Supreme Court held:

> Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the alleged false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is

Court held, as applicable to our case, that when (1) an affiant provides information in support of a search warrant that contains deliberate falsehoods or statements made with a reckless disregard for the truth, and (2) the affidavit is insufficient to support a finding of probable cause with the false information set aside, the evidence seized pursuant to the warrant should be suppressed. Id. The accused bears the burden to show that the affiant's statements were false or made with reckless disregard for the truth. Id. at 156.

The trial court's conclusion as to the truthfulness of the affiant's assertions in an affidavit is a factual finding, and we will not disturb it on review unless it is "plainly wrong or without evidence to support it." West v. Commonwealth, 16 Va. App. 679, 690, 432 S.E.2d 730, 737 (1993).

III.

Milian conceded both at trial and on appeal that the factual statements in the affidavit were true. However, he argues that Sergeant Barham omitted facts from the affidavit that were important to the overall probable cause analysis. He contends that the magistrate would not have found probable cause had the officer included in the affidavit two additional facts: (1) that police initiated contact with Hobbs and (2) that Hobbs told Sergeant Barham that he did not want to press charges. We disagree.

---

established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the fact of the affidavit.

For the purposes of this appeal, we treat the hearing on Milian's motion to suppress as a Franks hearing, despite the absence of "any *preliminary* showing by [Milian] of police misconduct." Williams v. Commonwealth, 26 Va. App. 612, 617, 496 S.E.2d 113, 116 (1998) (emphasis in original) (quoting West v. Commonwealth 16 Va. App. 679, 689, 432 S.E.2d 730, 736-37 (1993)) (internal quotation marks omitted).

First, there is no requirement that the Commonwealth include all of its information in an affidavit for a search warrant. Id. at 689, 432 S.E.2d at 737. Second, "Franks clearly requires defendants to allege more than intentional omission . . . ." United States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990) (internal quotation marks omitted). Instead, "Franks protects against omissions that are *designed to mislead*, or that are made in *reckless disregard of whether they would mislead*, the magistrate." Id. (emphasis in original). As the Franks Court emphasized, "[m]ere[] negligen[ce] in . . . recording the facts relevant to a probable-cause determination" is not enough to support a Franks challenge. Franks, 438 U.S. at 170. Finally, the facts Milian argues were wrongly omitted from the affidavit have no bearing on the existence of probable cause. That the police initiated contact with Hobbs is not material to whether there was probable cause that Milian had obtained money by false pretenses from Hobbs. Further, Hobbs' hesitation to have Milian prosecuted did nothing to nullify a probable cause finding. Instead, as the trial court found, Hobbs' hesitation made his statements to police even more credible because he "does not have a vendetta against Mr. Milian. He is trying to collect his money." [4]

IV.

Based on the foregoing discussion, we affirm the trial court.

Affirmed.

---

[4] Milian also makes a vague and unsupported argument that the police had a duty to "corroborate or verify" Hobbs' allegations. However, he fails to explain how, in searching for evidence, Sergeant Barham was not doing exactly that. Moreover, even assuming that some such duty of further investigation existed, "[a]llegations of negligence are insufficient to . . . invalidate a warrant." Franks, 438 U.S. at 171.