COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, McCullough and Senior Judge Haley
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.        Record No. 0822-14-1        JUDGE ROBERT J. HUMPHREYS
OCTOBER 21, 2014

MARCUS WAYNE DAWSON, JR.


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Frederick B. Lowe, Judge

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on briefs), for appellant.

Hannon Wright (Moody E. Stallings Jr.; Stallings & Randall, P.C.,
on brief), for appellee.


The Commonwealth appeals the June 5, 2014 ruling of the Circuit Court of the City of

Virginia Beach ("trial court") granting Marcus Wayne Dawson Jr.'s ("Dawson") motion to

suppress evidence seized from his home pursuant to a search warrant.  The Commonwealth's

single assignment of error remaining to be decided is that the trial court "erred in granting the

motion to suppress the evidence recovered from appellee's residence because, if the protective

sweep was unreasonable, the search warrant was nevertheless valid based on probable cause."[1]

Therefore, the only issue before this Court is whether the search warrant was supported by

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In granting Dawson's motion, the trial court only addressed whether the protective
sweep was unreasonable and did not consider the Commonwealth's alternative theory that the
search warrant was nevertheless supported by adequate probable cause despite the prosecutor's
multiple attempts to raise the argument.  This Court upheld the trial court's judgment that the
protective sweep was unreasonable, however it granted the Commonwealth's petition on the
issue of whether independent probable cause in the affidavit supported issuance of the search
warrant.  Commonwealth v. Dawson, No. 0822-14-1 (Va. Ct. App. July 7, 2014).

probable cause excluding the facts obtained from the preceding improper protective sweep of Dawson's residence. For the following reasons, we find that the search warrant was valid and reverse the judgment of the trial court.

Whether a trial court correctly ruled that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that this Court must review *de novo* on appeal. Commonwealth v. Robertson, 275 Va. 559, 563, 659 S.E.2d 321, 324 (2008). While this Court "review[s] *de novo* the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case," Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999), its review is "'bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support them,'" Knight v. Commonwealth, 61 Va. App. 297, 305, 734 S.E.2d 716, 720 (2012) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc)). In this case, we view the evidence in the light most favorable to Dawson as the prevailing party below because the trial court sustained his motion to suppress the evidence. See Commonwealth v. Peterson, 15 Va. App. 486, 487, 424 S.E.2d 722, 723 (1992).

Virginia Beach Police Officers Foxwell and Freedman were patrolling an area when they smelled the strong odor of marijuana. Both officers have extensive experience in marijuana arrests and are familiar with the smell of marijuana. The officers began to canvass the area in order to detect where the smell was emanating from. When they walked around the front of Maplehurst Road, they were able to isolate the smell—the odor grew stronger as they approached 4207 Maplehurst Road. Before approaching the front door, two other officers, Officer Van Note and Sergeant Clark, went to the rear of the house to ensure none of the occupants exited from the back. The officers knocked on the door and an individual opened the door and the odor of marijuana "became overwhelming." The individual who opened the door

told Officer Freeman that there were two other individuals inside and that he had just smoked marijuana inside the house. Dawson and another person came to the door and were detained outside. Several of the officers conducted a "two minute" protective sweep of the residence "to make sure no one else was in the home." During the protective sweep, Officer Van Note observed a small baggie of suspected marijuana.

Reciting in a sworn affidavit the above stated material facts, Officer Freeman applied for and received a search warrant for 4207 Maplehurst Road. The affidavit's single reference to the impermissible protective sweep was: "During a sweep of the home to ensure there were no other occupants, MPO J. L. Van Note noticed there were several baggies of Marijuana inside the residence."

"It is well established that 'the inclusion of tainted evidence does not [automatically] invalidate a search warrant.'" Williams v. Commonwealth, 26 Va. App. 612, 618, 496 S.E.2d 113, 116 (1998) (quoting United States v. Wright, 991 F.2d 1182, 1186 (4th Cir. 1993)). "[S]uppression is not required 'if, excluding the illegally obtained information, probable cause for the issuance of the warrant could still be found.'" Id. (quoting United States v. Apple, 915 F.2d 899, 910 (4th Cir. 1990)); see also United States v. Moses, 540 F.3d 263, 271 (4th Cir. 2008) (explaining that if sufficient untainted evidence is present in a search warrant affidavit to establish probable cause, the warrant is valid). Therefore, the only issue before this Court is whether the search warrant was supported by sufficient probable cause to justify the search after redacting any references to the marijuana seen during the impermissible protective sweep.[2]

---

[2] The purpose of the exclusionary rule is not to give the defendant a windfall, but rather to prevent law enforcement from profiting from, and engaging in, illegal action. See Rideout v. Commonwealth, 62 Va. App. 779, 790-91, 753 S.E.2d 595, 601 (2014). Therefore, if probable cause exists once the improperly obtained evidence from the protective sweep is redacted, then there is no reason to exclude the evidence obtained pursuant to the search warrant.

In Cherry v. Commonwealth, 44 Va. App. 347, 357-58, 605 S.E.2d 297, 302 (2004), this Court held that "the detection of the odor of burning marijuana emanating from the open door of a residence, by a credible law enforcement officer who is familiar with its smell, provides that officer with probable cause to believe contraband is present inside the residence." Four years later, citing Cherry, this Court in Bunch v. Commonwealth, 51 Va. App. 491, 496, 658 S.E.2d 724, 726 (2008), affirmatively embraced the "plain smell doctrine" by noting that "[u]nder the Fourth Amendment, probable cause may be supported by the detection of distinctive odors."

In this case, Officer Freeman articulated in detail in his sworn affidavit supporting the search warrant that the officers smelled marijuana emanating from the house, an odor that grew "overwhelming" when the front door was opened, and that an occupant admitted to having just smoked marijuana in the residence. Therefore, based on Cherry and Bunch, these facts alone provided probable cause to believe there was contraband inside the home.

Dawson argues that the trial court correctly suppressed the evidence because there was no showing that the officers would have applied for a search warrant regardless of the marijuana observed during the protective sweep. He relies on the United States Supreme Court's decision in Murray v. United States, 487 U.S. 533 (1988), where the "independent source doctrine" was applied in a case involving the execution of a lawful search warrant after an illegal search. Murray held that the ultimate question was "whether the search pursuant to warrant was in fact a genuinely independent source of the information and tangible evidence at issue." Id. at 542. The Court found that "[t]his would not have been the case if the agents' decision to seek the warrant was prompted by what they had seen during the initial entry, or if information obtained during that entry was presented to the Magistrate and affected his decision to issue the warrant." Id.

Murray is factually and legally distinguishable from this case. In that case, the information obtained during the illegal search was not included in the search warrant affidavit.

- 4 -

The Murray Court never reached the issue of probable cause because further factual findings were required. Neither the warrantless entry nor the information obtained during the illegal entry was disclosed in the affidavit, and the district court did not explicitly find that the agents would have sought a search warrant absent their initial unlawful entry and therefore the case was remanded for further factual findings. Id. at 543-44.

However, Murray has not changed the longstanding calculus for determining probable cause where tainted evidence *is* included in a search warrant affidavit—a probable cause determination is made after excising the tainted information. See, e.g., Williams, 26 Va. App. at 618, 496 S.E.2d at 116. In this case, unlike in Murray, police disclosed in the affidavit the fact that they had entered without a warrant and the information obtained from the protective sweep was contained in the search warrant affidavit. Moreover, it is uncontested that the purpose of the entry was to conduct a "protective sweep." The officers were at Dawson's residence investigating an odor of marijuana and only engaged in the unlawful protective sweep to check the residence for other remaining occupants. Although inappropriate in this case, the purpose of the protective sweep was to ensure the officers' safety, not, as in Murray, to investigate and search for evidence of possible criminal activity. The strong odor of marijuana and the occupant's statement that he had just smoked marijuana in the residence—facts which preceded the unlawful entry—provided an independent source of probable cause to support the search warrant. The mention of the marijuana observed during the protective sweep merely provided additional corroboration of what the officers already had probable cause to believe—that contraband was inside the residence. At the time of the search, they had already called for backup and had detained the three individuals outside the residence. Therefore, the record does not demonstrate the unlawful search prompted the officers' application for a search warrant or the magistrate's decision to issue it.

We find that the trial court erred in suppressing the evidence because absent the facts obtained during the unlawful protective sweep, the search warrant was supported by adequate probable cause. Accordingly, we reverse the judgment of the trial court and vacate its order suppressing the evidence and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>